Roger A. ROSSIELLO, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1145.

United States Court of Veterans Appeals.

Argued Oct. 16, 1992.

Decided Nov. 4, 1992.

Keith D. Snyder, Washington, D.C., for appellant.

Pamela L. Wood, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and John C. Winkfield, Washington, D.C., were on the pleadings, for appellee.

Before KRAMER, FARLEY and MANKIN, Associate Judges.

FARLEY, Associate Judge:

This is an appeal from a decision of May 1, 1991, in which the Board of Veterans' Appeals (Board or BVA) denied appellant's claim to reinstate a 100% rating for the residuals of mesothelioma, currently rated at 30%. A remand is required because the adjudication of appellant's claim was flawed as a matter of law.

I.

Appellant served in the United States Navy from September 14, 1944, to July 21, 1949. R. at 1, 21–22. In addition to assignments at the Rhode Island Naval Construction Center and the 9th Naval Construction Center, appellant was stationed at the Charleston Navy Yard for three years. R. at 32. During a 1987 physical examination, an abnormal chest x-ray revealed that appellant was suffering from mesothelioma. R. at 18, 78–79. (Mesothelioma is "a malignant tumor derived from the mesothelial tissue; ... [p]leural mesotheliomas have been linked to asbestos exposure." DORLAND'S MEDICAL DICTIONARY at 1013, 27th Edition, 1988.) To excise the pleural mesothelioma, a portion of appellant's lower left lung was removed surgically on October 21, 1987. R. at 17. On December 8, 1987, appellant received a 100% rating under Diagnostic Code (DC) 6819 for "STATUS POST SURGERY FOR MESTHELIOMA [sic]."

R. at 12. Diagnostic Code 6819, 38 C.F.R. § 4.97 (1991), provides as follows:

New growths of, malignant, any specified part of respiratory system exclusive of skin growths ..................... 100

> NOTE: The rating under diagnostic code 6819 will be continued for 2 years following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure. At this point, if there has been no local recurrence or metastases, the rating will be made on residuals.

In an October 18, 1988, rating decision, the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office noted that "the vet[eran] was exposed to asbestos at some time and to some degree during his nearly 5 years of naval service" and continued the 100% rating under Diagnostic Code 6819. R. at 32. In a rating dated January 3, 1990, appellant was rated 100% until April 1, 1990, and 30% thereafter under Diagnostic Code "6819–6600" for his "respiratory condition." R. at 52–53. The hyphenated analogous diagnostic code pertains to "Bronchitis, chronic." See 38 C.F.R. § 4.97 (1991), Diagnostic Code 6600. After appellant filed a Notice of Disagreement with the reduction (R. at 57), the 30% rating was confirmed in a February 26, 1990, rating decision. R. at 59. Appellant requested a hearing which was held on June 5, 1990. R. at 75–81. In a decision dated July 31, 1990, the hearing officer confirmed the 30% rating (R. at 94), and in an August 1, 1990, rating decision, appellant's 100% rating for respiratory condition under Diagnostic Code 6819–6600 was continued until November 1, 1990, when a rating of 30% would become effective. R. at 95.

In a decision dated May 1, 1991, the BVA commented as follows:

> The medical records ... show that in 1987 the veteran underwent surgery for mesothaliosis [sic]. He did not undergo antineoplastic chemotherapy or other therapeutic procedure following surgery. Thus, two years following the surgery

the rating to be assigned is to be based on residuals. There is no specific code for mesothaliosis [sic] and the residuals are therefore rated by analogy to bronchitis.

*Roger A. Rossiello,* BVA \_\_\_\_, at 5 (May 1, 1991). After reviewing the evidence, the BVA concluded that "the current rating is considered appropriate" and denied appellant's claim to an increase. *Id.* at 6. A timely appeal was filed.

Appellant filed a brief in which he argued that the analogy to bronchitis was error and that requisite lung function studies were not performed. Br. at 8–12, 14–15. Appellant specifically requested that the 100% rating be restored. On July 30, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for remand and to stay further proceedings. The Secretary stated:

> The Board's discussion and evaluation in its decision is devoid of "reasons or bases" for its medical conclusions. Specifically, as [a]ppellant's attorney correctly points out, ... tests of pulmonary function should be reported, in order to properly assess the [a]ppellant's pulmonary function. No such clinical tests were conducted.... Without the benefit of the results of such tests, there can be no proper basis for this Court to review whether the application of the VA Schedule for Rating Disabilities was appropriate.

Secretary's Motion for Remand at 8. The Secretary also reported that appellant would not oppose a remand if the 100% rating were restored; however, the Secretary's position was that reinstatement was "not warranted." *Id.* at 10. On August 3, 1992, appellant filed an opposition to the Secretary's motion and reiterated his request for reversal of the BVA decision and reinstatement of the 100% rating.

## II.

▆▆▆ The Court agrees with the consensus of both parties that the BVA's decision and the underlying adjudication are flawed. As appellant's counsel conceded at oral argument a remand is required. As we have indicated in the past, it is not the function of this Court to determine in the first instance the degree of disability or to assign a rating; "rather, it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). A remand will permit a reexamination of appellant's condition and a readjudication of appellant's claim, supported by proper clinical examinations and by an adequate explanation of the reasons or bases for the Board's decision consistent with this Court's opinion in *Gilbert, supra,* at 56–57.

At oral argument, counsel for the Secretary informed the Court that the recent denial of appellant's unemployability claim was due solely to his current 30% rating. Since the accuracy of that rating is to be readjudicated on remand, the Court expects that the Secretary will ensure that the decision denying appellant's unemployability claim will be readjudicated also.

## III.

There remains only the question of whether appellant is entitled to reinstatement of a 100% rating. We hold that under the circumstances presented in this appeal reinstatement is not warranted.

Upon the diagnosis of mesothelioma, appellant was rated under Diagnostic Code (DC) 6819. Unlike most diagnostic codes, DC 6819 contains a temporal component: the note accompanying DC 6819 provides that "[t]he rating ... will be continued for 2 years following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure." At the end of the two-year period, "if there has been no local recurrence or metastases, the rating will be made on residuals." While the net effect of DC 6819 may be a lower percentage rating after two years, it is not a reduction in the rating for a singular condition; rather, it is the result of an award of separate successive ratings for different conditions. Diagnostic Code 6819 contemplates the award of 100% for two years for

the malignancy and a subsequent rating for any residuals.

In the present appeal, appellant's 100% rating ceased to exist two years "following the cessation of surgical, x-ray, antineoplastic chemotherapy or other therapeutic procedure." Diagnostic Code 6819 Note, 38 U.S.C. § 4.97. In a June 5, 1990, hearing conducted at the VA Regional Office in New York, appellant was asked specifically: "Since your surgery did you have to undergo any chemotherapy or radiation therapy?" R. at 79. Appellant responded: "No thank God for that because they caught it right in time." *Id.* Thus, under a strict application of DC 6819, appellant's 100% rating should have terminated two years after his October 1987 surgery. Nonetheless, appellant's 100% disability rating continued in effect until 1990 because, as counsel for the Secretary advised at oral argument, appellant may have received inadequate notice concerning the automatic reduction after two years at the time of his initial rating.

■ The present appeal must be distinguished from the situation presented in *Dofflemyer v. Derwinski*, 2 Vet.App. 277 (1992), a case in which the rating for a psychiatric condition was reduced from 100% to 10%. The diagnostic code in *Dofflemyer* did not contain a temporal element and, while a rating of a disability certainly may be reduced if there is a change in the nature of the disability, "the circumstances under which rating reductions can occur are specifically limited and carefully circumscribed by regulations promulgated by the Secretary." *Dofflemyer*, 2 Vet.App. at 280; *see* 38 C.F.R. §§ 3.343(a), 3.344(a), (c) (1991). Because the Secretary did not follow his own regulations, the Court held in *Dofflemyer* that the rating reduction was " 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' and therefore void *ab initio*." *Id.* at 281. Mr. Dofflemyer's 100% rating was reinstated. *Id.* at 282.

Unlike the situation presented in *Dofflemyer*, where a disability rating was improperly reduced, this appellant's 100% rating ceased to exist by operation of the note

to Diagnostic Code 6819. The errors quite properly identified by both parties in the adjudication of appellant's respiratory disability occurred not in rating the mesothelioma but in rating the residuals. The basis for the 100% rating, in the absence of "local recurrence or metastases," no longer exists. Accordingly, the Court must decline appellant's request that the 100% rating be reinstated. The effective date of the rating of appellant's residual respiratory condition which results from this remand for readjudication will be November 1, 1990.

### IV.

Upon consideration of the foregoing, this Court holds that the BVA erred in failing to properly adjudicate appellant's claim to entitlement to an increased rating for a residual respiratory condition, most notably failing to conduct the necessary medical examinations and failing to provide sufficient reasons or bases for its decision. Accordingly, the Secretary's motion for remand is granted. The BVA decision of May 1, 1991, is VACATED and the matter REMANDED for readjudication consistent with this opinion.

*It is so Ordered.*