**Gregorio C. ROMERO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1155.

United States Court of Veterans Appeals.

April 15, 1994.

Gregorio C. Romero, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Ralph G. Davis, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and MANKIN, Judges.

KRAMER, Judge:

Appellant, Gregorio C. Romero, appeals a July 28, 1992, letter from the Chairman of the Board of Veterans' Appeals (BVA or Board) which denied appellant's motion for reconsideration of a BVA decision issued on June 26, 1990 (BVA decision). For the reasons set forth below, the Court declines to review the denial and dismisses the appeal.

## I. PROCEDURAL BACKGROUND

In the BVA decision, the Board refused to reopen appellant's claim of service connection for pulmonary tuberculosis (PTB) due to lack of new and material evidence, and denied service connection for peptic ulcer disease, post-traumatic osteoarthritis, malnutrition with avitaminosis, psychoneurosis, shell fragment wound of the right leg, and pellagra due to lack of any clinical evidence of such conditions during service or within one year following service. In making its decision, the BVA did not refer to appellant's prisoner of war (POW) status (in particular, it made no reference to any affidavit of Datu Salipada K. Pendatun, *infra*). Preliminary Record (P.R.) at 3–10. The Court cannot determine from the Preliminary Record (P.R.) whether this issue had been presented to the BVA. On December 10, 1990, appellant filed an appeal with the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) alleging that the BVA decision was erroneous. P.R. at 28–29. On March 6, 1991, the Federal Circuit dismissed the appeal for lack of jurisdiction. P.R. at 29.

On November 11, 1991, appellant wrote to the Chairman of the BVA (Chairman) stating that he was "reopening [his] disallowed claim," but that new evidence of his POW status in the form of "affidavits" from Lieutenant Juan R. Manuel, Sergeant Pacifico Ramirez, and Datu Salipada K. Pendatun, and new evidence of PTB in the form of a medical certificate from Dr. Rizal de Peralta "warrant[ed] a reconsideration of the Board Chairman or Vice–Chairman." P.R. at 12–17. On December 17, 1991, the Chairman wrote a letter to appellant stating as follows: "Since your request for reconsideration is actually a submission of new evidence, your mail is being forwarded to the Department of Veterans Affairs Regional Office in Manila as a request for a reopened claim." P.R. at 24. On February 28, 1992, the Regional Office (RO) confirmed and continued the prior denial of appellant's claims, stating that there was no evidence of injury or sickness during service. The RO also denied former POW status. P.R. at 21–22, 51–52.

On March 16, 1992, appellant wrote to the BVA requesting a reaffirmation of the BVA decision so that he could file a jurisdictionally valid Notice of Appeal (NOA) with the Court. P.R. at 26. On April 21, 1992, the BVA informed appellant that it would "not enter a decision merely to requalify an appeal for judicial review," but that appellant could request reopening at the RO or reconsideration at the BVA. P.R. at 39.

By letter dated May 5, 1992, appellant submitted a motion for reconsideration of the BVA decision. The motion alleged that the BVA decision was in error because appellant believed he should be presumptively service connected for certain diseases due to his alleged POW status. In support of this allegation, appellant referred to certain affidavits to show this status, but only referenced by name the affidavit of Datu Salipada K. Pendatun. P.R. at 41. (It is unclear whether these affidavits were included with the motion for reconsideration, as they are not part of the P.R. As indicated, *supra*, there is no reference to Datu Salipada K. Pendatun in the 1990 BVA decision. The Court will assume that his affidavit was not then before the BVA.) On June 28, 1992, the Chairman

denied the motion for reconsideration of the BVA decision without reference to appellant's alleged POW status. P.R. at 45.

On August 25, 1993, the Court ordered that the parties file memoranda of law addressing whether the Court has jurisdiction over appellant's appeal based on the Court's decision in *Patterson v. Brown*, 5 Vet.App. 362 (1993). Appellant did not file a memorandum of law, but did send a letter to the Court on January 18, 1994, arguing the merits of his case. On January 25, 1994, the Secretary filed his memorandum of law arguing that the instant appeal should be dismissed because it does not meet the criteria enunciated in *Patterson*. However, on page six of his memorandum, the Secretary made the assumption that the affidavits referred to in the May 5, 1992, motion for reconsideration were the same affidavits transmitted by the BVA to the RO on December 17, 1991, and conceded that such affidavits "post-dated the June 26, 1990, BVA decision sought to be reconsidered."

## II. ANALYSIS

■ Whether or not this Court may review the Chairman's denial of reconsideration depends on the basis for appellant's motion for reconsideration. *Patterson*, 5 Vet.App. at 365. The Court will not exercise its jurisdiction where a party merely petitions the BVA for reconsideration on the ground of material error, i.e., on the same record that was before the BVA when it rendered the decision being reconsidered. In other words, "the agency's refusal to go back over ploughed ground is nonreviewable." *Id.* (quoting *I.C.C. v. Locomotive Engineers*, 482 U.S. 270, 284, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987)). If, however, the denied petition for reconsideration has "alleg[ed] new evidence or changed circumstances ... judicial review might be available." *Patterson*, 5 Vet.App. at 365; *see Locomotive Engineers, supra*. The key question, then, is whether there is "new evidence or changed circumstances" under *Patterson, supra*, which might make judicial review available.

### A. New Evidence

■ First, we must address the question of whether the alleged new evidence contained in appellant's motion for reconsideration constitutes "new evidence" under *Patterson* which might make judicial review available. Certainly this Court in *Patterson* did not mean to intimate that review of a denial of a motion for reconsideration might be available where a petitioner alleged *any* new evidence in his motion for reconsideration. Evidence which is cumulative, which is neither relevant to nor probative of the issue requested for reconsideration, and which does not create a reasonable possibility of a change in outcome simply does not provide this Court with a basis for properly reviewing a denial of a motion for reconsideration. In light of the synergism between that evidence necessary to reopen a finally disallowed claim under 38 U.S.C. § 5108, 38 C.F.R. § 3.156 (1993), and *Cox v. Brown*, 5 Vet.App. 95, 98 (1993), on one hand, and that which is necessary for the Court to properly exercise judicial review of a BVA denial of a motion for reconsideration, on the other, the Court believes that the same evidentiary requirements should exist in both instances. The Court, therefore, with respect to allegations of new evidence under *Patterson*, holds that such evidence must meet the requirements of *Cox, supra*, for new and material evidence. Thus, the Court may review a denial of a motion for reconsideration which alleges new evidence if: (1) the evidence is "not merely cumulative of other evidence of record" at the time of the BVA decision being reconsidered; (2) the evidence is "relevant to and probative of the issue at hand;" and (3) there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome" of the BVA decision being reconsidered. *Cox*, 5 Vet.App. at 98.

■ Because of the lack of clarity in the motion for reconsideration, a P.R. which is likely incomplete, and the Secretary's concession on page six of his January 25, 1994, memorandum, the Court will assume that the evidence is not cumulative of evidence that was before the BVA in 1990, and therefore new. However, this new evidence is neither

relevant nor probative as to the issue of POW status for purposes of this Court's review of the denial of reconsideration by the Chairman because such affidavits do not constitute the type of new evidence which may be the basis for such reconsideration under 38 C.F.R. § 20.1000(b) (1993).

Pursuant to 38 C.F.R. § 20.1000(b), reconsideration of a BVA decision may be accorded "upon discovery of new and material evidence in the form of relevant records or reports of the service department concerned." In view of 38 C.F.R. § 3.156(a), the Court's discussion of that regulation in *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991), and the Court's restatement of *Colvin* in *Cox*, 5 Vet.App. at 98, we conclude that, for purposes of judicial review, "new and material evidence" under 38 C.F.R. § 20.1000(b) is that which meets the requirements of *Cox*, *supra*.

The question thus becomes whether this regulation envisions the inclusion of any records or reports other than those of the service department in question. We construe 38 C.F.R. § 20.1000(b) to be limited exclusively to service records and reports. First, as there is no punctuation or other grammatical structure which indicates that either "records" or "reports" can come from anywhere other than a service department, "records" and "reports" should be construed as alternative forms of evidence the origin of which can only be the service department concerned. Second, if "relevant records" and "reports of the service department concerned" are meant to be read separately, then the BVA could literally afford reconsideration to appellant based on irrelevant service reports. Such a reading is not plausible in light of the fact that the evidence submitted in the motion for reconsideration must be "new and material," which requires that the evidence not only be new, but also relevant to the issue at hand. *See Cox*, 5 Vet.App. at 98. Third, to construe this regulation as allowing allegations concerning *any* "relevant records" to form the basis for reconsideration would negate the requirements of 38 U.S.C. §§ 5108 and 7104(b) that a claim remains final except upon the submission of new and material evidence. In other words, if any

new and material evidence could be used to obtain BVA reconsideration, an appellant could escape reopening at the regional office (RO) level and simply ask for reconsideration by the BVA. By limiting reconsideration to specific new and material evidence, i.e., service records or reports, 38 C.F.R. § 20.1000(b) has carved out a limited alternative to the requirement that appellant must attempt to reopen a finally disallowed claim at the RO level. Finally, it appears that, in cases involving new and material evidence consisting of service records, a claimant may, at least in some cases, receive an earlier effective date for a disability rating by going to the BVA for reconsideration than by reopening the claim with the same service records at the RO level, whereas there is no difference in effective date regardless of whether new and material evidence other than service records is submitted for reconsideration by the Chairman or for reopening before the RO. *See* 38 C.F.R. § 3.400(q),(r) (1993). In such event, there is inherent logic to limiting reconsideration to only those cases in which the result available to a claimant would be potentially more favorable than that available to a claimant upon reopening.

Appellant's alleged new evidence is not service records or reports, but rather consists exclusively of affidavits from former comrades. Because it is not the type of evidence which is capable of providing a basis for reconsideration under 38 C.F.R. § 20.1000(b), it is neither relevant nor probative as to POW status, and therefore not material, for purposes of judicial review of the Chairman's denial of reconsideration.

**B. Changed Circumstances**

■ Second, we must determine whether the allegations presented in appellant's motion for reconsideration constitute "changed circumstances" under *Patterson* which might make judicial review available. Again, as indicated above, assuming that the issue of POW status was not presented to the BVA prior to its June 26, 1990, decision, appellant has not alleged "changed circumstances" within the meaning of *Patterson, supra*, because the evidence alleged to support such status is not material to such status for pur-

poses of judicial review of the Chairman's denial of reconsideration.

## III. CONCLUSION

On consideration of the foregoing, the appeal is DISMISSED.