Santos B. MURILLO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–22.

United States Court of Veterans Appeals.

Aug. 16, 1996.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

### ORDER

PER CURIAM.

The appellant has filed a brief in this case, arguing that there is error requiring reversal or remand in the April 16, 1993, Board of Veterans' Appeals (BVA or Board) decision denying the appellant's claim for service connection of pulmonary tuberculosis. The Secretary has responded with a motion for summary affirmance of that decision. In re-

sponse to the Secretary's motion for summary affirmance, the appellant has filed a motion to vacate this Court's order of October 24, 1995, excluding from the record on appeal documents that were submitted to the BVA after April 16, 1993. These documents were submitted in support of a request that the BVA Chairman direct reconsideration. In the alternative, the appellant seeks leave to address as part of this appeal issues regarding the Chairman's denial of the appellant's motion for reconsideration of the BVA's April 16, 1993, decision. The Secretary has opposed the motion, and the appellant has replied to the Secretary's opposition.

At issue in this appeal are not only the merits of the April 16, 1993, BVA decision, but also the status of the documents submitted to the BVA Chairman after that decision. The Court has ruled that these documents were not part of the record before the Board and thus are not part of the record on appeal before the Court. 38 U.S.C. § 7252(b); *see Mayer v. Brown*, 37 F.3d 618, 619–20 (Fed. Cir.1994) ("[a]n action by the Chairman is not a decision of the [B]oard"). However, a Statement of the Case prepared by the Los Angeles VA Regional Office (RO), appended in support of the appellant's September 1995 motion to clarify the record, states that the VARO will not treat these documents as "new" because they were previously "submitted and considered in the BVA decision of 4/16/93 and 9/20/93." While the Court cannot review this action of the VARO, which is not yet the subject of a final BVA decision, we direct the Secretary's attention to the Court's ruling in the October 24, 1995, order, and the precedent cited therein.

The Secretary argues, in opposition to the appellant's motion to brief issues relating to the denial of reconsideration, that he will be prejudiced by introduction of such issues at this stage of these proceedings and asserts that the new evidence, presented to the Chairman in support of the motion for reconsideration, is now before the VARO. The appellant replies that the Secretary has had sufficient notice of his intent to raise these issues, and thus suffers no prejudice. However, the appellant has identified no issue concerning the Chairman's denial of reconsideration, independent of the evidence addressed in the documents sent to the Chairman after April 16, 1993. Furthermore, there is no allegation that these documents are service department records or reports. *See* 38 C.F.R. § 20.1000(b)(1995); *Romero v. Brown*, 6 Vet.App. 410, 413 (1994).

Based on the foregoing and the record on appeal (the record before the Secretary and the Board at the time of the April 16, 1993, decision), there appears to be no error requiring reversal or remand. It is undisputed that the record at that time lacked evidence complying with the regulations specifying the nature and extent of proof necessary to establish service connection for pulmonary tuberculosis. *See* 38 C.F.R. §§ 3.370–3.375, 3.378 (1995); *see also Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (promulgation of these regulations is a legitimate exercise of Secretary's authority).

On consideration of the foregoing, it is

ORDERED that the motion for reconsideration of the Court's October 24, 1995, order is denied. It is further

ORDERED that the appellant's motion for leave to brief issues concerning the Chairman's denial of reconsideration is denied. It is further

ORDERED that the Secretary's motion for summary affirmance is granted, and the April 16, 1993, decision of the BVA is AFFIRMED. *See Frankel v. Derwinski*, 1 Vet. App. 23 (1990); *Gilbert v. Derwinski*, 1 Vet. App. 49, 52–53 (1990). This is without prejudice to any timely appeal from a final decision of the BVA, should the appellant continue to be aggrieved after full adjudication following his present effort to reopen his claim.