**Lawrence G. BENNETT, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–168.

United States Court of Veterans Appeals.

April 9, 1997.

Lawrence G. Bennett, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Joan E. Moriarty, Washington, DC, were on the brief for appellee.

· Before FARLEY, IVERS, and STEINBERG, Judges.

IVERS, Judge:

The appellant appeals a July 6, 1994, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to restoration of a 100% disability rating for right lung cancer, currently rated 60% disabling. *Lawrence G. Bennett*, BVA 94–10641 (July 6, 1994). The Court has jurisdiction over this appeal pursuant to 38 U.S.C. § 7252(a). During the course of this appeal, the appellant raised an issue involving Rule 10 of the Court's Rules of Practice and Procedure, which governs the designation of the record on appeal (ROA). The Court will decide this procedural matter in Part II.A. of this opinion. For the reasons set forth below, the Court will affirm the Board's July 1994 decision denying restoration of the 100% rating.

## I. FACTS

The appellant had active service in the United States Air Force from July 14, 1965, to September 14, 1988. Record (R.) at 16. In January 1988, the appellant was diagnosed with adenocarcinoma of the lung. R. at 89–91. After his release from active duty, the appellant filed an application for compensation or pension, requesting entitlement to service connection for lung cancer in the right lung. R. at 18–19. On November 14, 1988, the VA regional office (RO) awarded the appellant service connection for adenocarcinoma, rated 100% disabling, effective from September 15, 1988. R. at 21. At a February 10, 1989, VA examination, the appellant was noted to be no longer undergoing radiation treatment. R. at 25.

On May 7, 1990, the appellant underwent a VA medical examination for purposes of disability evaluation. R. at 45–47. During that examination, the appellant reported to the attending physician that his radiation therapy had ended in 1988 and that he was currently going to the Madigan Army Medical Hospital Oncology Clinic [hereinafter "Madigan"] for follow-up examinations every six months. R. at 46. The appellant also mentioned that, during his last visit to Madigan, a computerized tomography (CT) scan of his head was negative and a chest x-ray was also stable. *Ibid.* The VA physician's diagnostic impression of the appellant's condition was "adenocarcinoma, right lung, upper lobe." R. at 47.

In July 1990, the RO attempted to obtain medical records from Madigan but was informed by the hospital that it had no such records on file. R. at 40, 42. However, medical records from Madigan were eventually found and sent to VA. R. at 112–17. In August 1990, VA informed the appellant that it proposed to reduce his disability rating from 100% to 60% based upon the appellant's report of improvement in his right lung condition during the May 7, 1990, examination. R. at 49–51.

The appellant filed a Notice of Disagreement (NOD) in September 1990 arguing that the May 1990 examination was incomplete because no blood test, x-ray, or CT scan was performed. R. at 53. VA scheduled a personal hearing for November 1990 (R. at 55), but the appellant later informed VA that he was unable to attend because he had just returned home from traveling out of state for medical treatment (R. at 57). He did not specify what treatment was undertaken. The RO rescheduled the hearing for January 1991, but the appellant did not appear for that hearing. R. at 59.

On March 4, 1991, the RO issued a rating decision replacing the appellant's 100% rat-

ing with a 60% rating effective from June 1, 1991. R. at 63. The appellant filed another NOD and requested a personal hearing. R. at 65. VA afforded the appellant a hearing on May 8, 1991, during which he stated that he was no longer undergoing treatment for his lung cancer. R. at 72, 78.

In May 1991, VA requested medical records from Travis Air Force Base Medical Center [hereinafter "Travis"] that documented the appellant's radiation therapy. R. at 70, 84, 86–91. Medical records received from Travis, dated September 1990, show "[n]o evidence of recurrent mass, infiltrates or effusions." R. at 88. Another Travis medical report, dated October 1990, showed that the appellant had no CT evidence of tumor recurrence in the lungs; no pathologically enlarged lymph nodes; and normal adrenal glands, liver, and other "abdominal viscera." R. at 87.

The appellant underwent another VA examination on October 23, 1991, at the American Lake VA Medical Center. R. at 101–10. At that time, the appellant reported that his last oncology follow-up had been in November 1990 and that there had then been no evidence of further spread of cancer. R. at 101. No pulmonary metastases were identified. R. at 108. Madigan subsequently found additional medical records relating to the appellant and sent them to VA. R. at 112–17.

On December 13, 1991, the hearing officer issued her decision affirming the March 1991 RO decision on the ground that the medical evidence obtained from Travis and Madigan medical centers showed no recurrence of right lung adenocarcinoma. R. at 120–21. The appellant filed a VA Form 1–9, Appeal to Board of Veterans' Appeals, perfecting his appeal with the Board on February 3, 1992. R. at 131–33. A second personal hearing was conducted on July 2, 1992. R. at 137–44. At this hearing, the appellant argued that, until the October 1991 examination, VA did not have sufficient evidence to change his rating. R. at 141, 142–43.

The BVA issued a decision on October 15, 1992, remanding the appellant's claim and ordering the RO to obtain all outpatient treatment records from Travis and to review the appellant's claim. R. at 146–48. On remand, VA obtained the required records showing negative results from a CT scan of the chest and bone and also indicating that there was no evidence of recurrent adenocarcinoma. R. at 153–55. On March 26, 1993, the RO issued another rating decision confirming the change in the appellant's service-connected rating. R. at 166. The appellant appealed, and on July 6, 1994, the BVA issued a final decision denying what it termed a restoration of the appellant's 100% rating for right lung cancer. *Bennett,* BVA 94–10641; R. at 3–12.

## II. ANALYSIS

### A. Rule 10 Matter

*1. Background.* On October 11, 1994, three months following the issuance of the BVA's final decision, the appellant filed a motion for reconsideration with the Board which included nine attachments. The Deputy Vice Chairman of the BVA (Chairman) denied the motion on November 22, 1994. The appellant filed a timely Notice of Appeal (NOA) with this Court on February 16, 1995. *See Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991) (filing of reconsideration motion with BVA within 120 days after mailing notice of BVA decision tolls NOA period, which begins again when motion is denied). On April 24, 1995, the Secretary filed the designation of record on appeal (ROA) pursuant to Rule 10 of the Court's Rules of Practice and Procedure.

The appellant filed a counter designation of the record, pursuant to U.S. Vet.App. R. 10(b) on May 19, 1995, asserting that two items, (1) the appellant's motion for reconsideration (with attachments), and (2) statements by the RO, were missing from his claims file. On June 26, 1995, the Secretary filed a motion to exclude from the ROA the appellant's motion for reconsideration with attachments, arguing that, under *Rogozinski v. Derwinski,* 1 Vet.App. 19, 20 (1990), the Court was precluded from considering, on appeal, any material that was not contained in the record of proceedings before the Secretary and the Board prior to the issuance of the final BVA decision in July 1994.

The Court issued an order on September 20, 1995, requiring the Secretary to file the ROA pursuant to Rule 11 of the Court's Rules of Practice and Procedure. In that same order, the Court noted that the Secretary had properly agreed to include in the ROA seven of the nine attachments to the appellant's motion for reconsideration. The Court, citing *Patterson v. Brown*, 5 Vet.App. 362, 365 (1993), and *Romero v. Brown*, 6 Vet.App. 410, 412–14 (1994), deferred ruling on whether the remaining two attachments, both of which postdated the July 1994 BVA decision, would be included in the ROA and thus be available for consideration by the Court. The Secretary filed the ROA on November 3, 1995.

On March 7, 1996, the appellant filed his informal brief. The Secretary, on August 2, 1996, filed his brief, which included a request that the Court remand the appellant's claim to the BVA for readjudication, citing the Court's decision in *Rossiello v. Principi*, 3 Vet.App. 430 (1992).

*2. Inclusion of the Two Attachments in the ROA.* The federal statute governing the Court's jurisdiction over BVA decisions states: "Review in the Court shall be on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). In *Rogozinski*, the Court held that, under this statute (formerly 38 U.S.C. § 4052(a)), it had no jurisdiction to include in the ROA *any* materials, submitted by a claimant, that were not originally part of the record of proceedings before the Secretary and the Board. *Rogozinski*, 1 Vet.App. at 20; *see also Gabrielson v. Brown*, 7 Vet.App. 36, 41–42 (1994).

■ In his motion to exclude, the Secretary argues that the two attachments should be excluded from the ROA because they postdate the Board's July 6, 1994, decision, and therefore, were not part of the record of proceedings before the Secretary and the Board. In *Winslow v. Brown*, 8 Vet.App. 469 (1996), the Court affirmed that no documents that postdate a BVA decision can be included in the ROA. In *Winslow*, the Court explained that "[s]uch documents are excluded so as not to influence the Court's review of a BVA decision based on evidence which

the BVA did not weigh or at least have an opportunity to weigh when it made its decision." *Id.* at 473.

In this case, the Court must decide whether the two postdated documents may be included in the ROA for the limited purpose of determining whether the Court has jurisdiction to consider the Chairman's denial of the motion for reconsideration.

In *Rosler*, 1 Vet.App. at 249, the Court held that a motion for reconsideration tolls the finality of a BVA decision until action is taken on that motion. Under *Rosler*, the date of a denial of reconsideration becomes the date of the final BVA decision for the purpose of calculating whether an NOA as to the underlying BVA decision has been timely filed. The NOA in this case is thus timely and supplies jurisdiction over the underlying BVA decision. Absent such jurisdiction, the Court lacks jurisdiction even to consider whether the Court might have jurisdiction over the denial of the motion for reconsideration. *See Mayer v. Brown*, 37 F.3d 618, 620 (Fed.Cir.1994) ("[t]here is simply no statutory basis for jurisdiction in the [Court] over acts or decisions of the Chairman absent some underlying final decision by the [B]oard"; overruling on this point *Patterson*, 5 Vet.App. at 364). Thus, because the Court has jurisdiction over the underlying BVA decision, the documents in question—although they postdate the underlying BVA decision—should be included in the ROA for the limited purpose of determining, as discussed in part II.A.3., below, whether the Court might have jurisdiction to review the denial of the motion for reconsideration. Because they are being included for that limited purpose, they should be submitted separately in the form of a Supplemental ROA. The Court notes that it is not clear whether or not these documents also become part of the appellant's claims file at VA and will leave that question for future consideration.

■ *3. Jurisdiction over the Appellant's Denied Motion.* After reviewing the two attachments at issue, the Court concludes that neither document meets the standards that might permit Court review of the appellant's denied motion. The two attachments

to the motion are: (1) a letter from a VA medical center notifying the appellant that he was being scheduled for an August 18, 1994, medical examination for disability rating purposes; and (2) the appellant's letter to VA, dated August 3, 1994, advising it that he would not attend the scheduled examination until after he had exhausted all of his appeals.

■ As noted in Part II.A.2., above, the Court has no jurisdiction to review a denial of a reconsideration motion by the Chairman absent Court jurisdiction over the underlying final decision by the Board. *See Mayer, supra.* In *Romero,* the Court established a basis for determining when it had no jurisdiction to review a denial of a motion for reconsideration. 6 Vet.App. at 412. In that decision, the Court held that judicial review of the denial might be available if either "new evidence" in the form of service department records or "changed circumstances" were present. *Ibid.* With respect to the "new evidence" standard, the Court announced:

Evidence which is cumulative, which is neither relevant to nor probative of the issue requested for reconsideration, and which does not create a reasonable possibility of a change in outcome simply does not provide this Court with a basis for properly reviewing a denial of a motion for reconsideration.

*Ibid.* The Court pointed out that this standard is the same evidentiary standard that exists for reopening a finally disallowed claim under 38 U.S.C. § 5108. *See Cox v. Brown,* 5 Vet.App. 95 (1993); *see also Evans v. Brown,* 9 Vet.App. 273 (1996).

Although the two attachments are "new" in the sense that they are not cumulative of the record, neither attachment is material, i.e., "probative of the issue at hand" or "when viewed in the context of all of the evidence, both new and old, would change the outcome." *See Cox,* 5 Vet.App. at 98; *Evans,* 9 Vet.App. at 283. Moreover, neither attachment is a record of the Air Force, the appellant's service department. *See Romero,* 6 Vet.App. at 413. Finally, neither attachment demonstrates "changed circumstances" that would warrant the Court's review of the denial of the motion for reconsideration. *Id.* at

413–14. Therefore, the Court holds that it has no jurisdiction, in this case, to review the Chairman's denial of the appellant's motion for reconsideration.

### B. Adjudication on the Merits

■ The appellant seeks reinstatement of his 100% rating for right lung cancer or, in the alternative, a change in the effective date for the 60% rating. Appellant's Brief (Br.) at 2. The rating of a service-connected disability under the regulations is a finding of fact subject to the "clearly erroneous" standard of review. *See* 38 U.S.C. § 7261(a)(4); *Martin v. Brown,* 4 Vet.App. 136, 139 (1993). Under the "clearly erroneous" standard of review, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The Board must base its decisions on "all evidence and material of record," 38 U.S.C. § 7104(a), and must provide a "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record," 38 U.S.C. § 7104(d)(1). *See Douglas v. Derwinski,* 2 Vet.App. 435, 438–39 (1992) (en banc); *Gilbert,* 1 Vet.App. at 56–57.

■ The appellant claims that the RO decision issued on March 4, 1991, was incorrect because VA did not have sufficient medical evidence to change the rating based upon the May 1990 examination. R. at 75, 142–43. The appellant's condition was rated under 38 C.F.R. § 4.97, DC 6819 (1996), the note following which provides:

The rating ... will be continued for 2 years following the cessation of surgical, x-ray, antineoplastic chemotherapy or other therapeutic procedure. At this point, if there has been no local recurrence or metastases, the rating will be made on residuals.

38 C.F.R. § 4.97, DC 6819. In its March 1991 rating decision, the RO relied upon the appellant's own lay testimony that he had had no recurrence or metastases of the cancer. R. at 63. Although VA may not rely

upon lay testimony for establishing a medical diagnosis, *see Layno v. Brown*, 6 Vet.App. 465. 469–70 (1994); *Espiritu v. Derwinski*, 2 Vet.App. 492, 495 (1992), which would include identifying any recurrence or metastasis of the cancer, the Board may rely upon lay testimony as to observable facts such as the termination date of radiation treatment. *See Harvey v. Brown*, 6 Vet.App. 390, 393 (1994) (lay person may testify to incidents or sequence of events that relate to the claimed injury).

It is not clear from the record precisely when the appellant's radiation treatment ceased. However, the record is clear that it had been completed by sometime in 1988 (*see* R. at 25, 46, 65, 139, 153), thereby triggering the automatic two-year rating period under DC 6819, which would conclude sometime in 1990, absent "local recurrence or metastases." Because a change in the appellant's rating did not become effective until June 1991, the appellant was not deprived of any portion of the two-year rating period under DC 6819. Although the terms of DC 6819 seem to imply that a claimant should undergo a medical examination to assess his condition at the end of two years, there is no express requirement that the examination should be contemporaneous with the expiration of the two-year period. Though perhaps the RO should have scheduled an examination at the end of 1990, its failure to do so was not prejudicial error because examinations in October 1991 and May 1992 confirmed the absence of recurrence or metastasis and therefore support the change in the rating that had already taken place based on residuals. R. at 101–10, 153–55.

The Secretary has suggested remand based on *Rossiello, supra*. The Court notes that, where there is "no local recurrence or metastases," the language of DC 6819 *requires* a rating based on residuals ("the rating *will* be made on residuals") (emphases added). Thus, although there is no explicit requirement under DC 6819 for an examination prior to the termination of the two-year period, an examination is necessary to ground the rating based on residuals that necessarily follows the termination of that period. *See Rossiello*, 3 Vet.App. at 433 (noting that appellant's 100% rating "ceased to exist by operation of the note to [DC] 6819" but remanding for proper examination on which to base residual rating). In the present case, the Court concludes that the October 1991 and May 1992 examinations confirmed the basis for the 60% (residual) rating assigned to the veteran effective as of the termination of his 100% rating and hence that rating was not clearly erroneous. Accordingly, *Rossiello* is not applicable to this case.

Furthermore, the appellant has no basis for his claim that the effective date for his 60% rating should be changed. At the time that the BVA decision was issued, there was no evidence of any local recurrence or metastases of cancer. Consequently, the Board's decision to reduce the appellant's rating had a plausible basis in the record and was not clearly erroneous. *See* 38 U.S.C. § 7261(a)(4); *Gilbert, supra*.

### III. CONCLUSION

Based upon the foregoing reasons, the Secretary's request for a remand is denied and the July 1994 decision of the BVA is AFFIRMED.