KRAMER, Chief Judge,
concurring in part and dissenting in part:
I concur in the decision except as to part II.A. Because, for the reasons set forth below, I disagree with the majority’s conclusion as to this Court’s jurisdiction over the appellant’s July 1997 motion for reconsideration of the March 1997 Board of Veterans’ Appeals (Board) decision, I respectfully dissent from that part of the majority opinion.
In holding that the Court has jurisdiction over the denial of the appellant’s motion for reconsideration, particularly his argument regarding the standard of review utilized by the Senior Deputy Vice Chairman of the Board in denying that motion, the majority relies upon Mayer v. Brown, 37 F.3d 618 (Fed.Cir.1994), overruled in part by Bailey v. West, 160 F.3d 1360, 1368 (Fed.Cir.1998) (en banc), and Engelke v. Gober, 10 Vet.App. 396 (1997). In so doing, however, the majority appears to be in conflict with prior caselaw that provides that this Court’s jurisdiction over reconsideration motions is limited to situations where an appellant has alleged either new evidence or changed circumstances in his motion. See Romero v. Brown, 6 Vet.App. 410, 412 (1994) (whether Court may review denial of reconsideration depends on basis for motion; key question is whether there is new evidence or changed circumstances that might make judicial review available); Losh v. Brown, 6 Vet.App. 87, 90 (1993) (Court’s power to review denials of reconsideration is limited by Supreme Court’s holding in I.C.C. v. Locomotive Engineers, 482 U.S. 270, 284, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), that, if petition that was denied sought reopening based on new evidence or changed circumstances, review is available; otherwise, agency’s refusal to go back over ploughed ground is nonreviewable); Patterson v. Brown, 5 Vet.App. 362, 363-65 (1993) (to same effect); see also Mayer, 37 F.3d at 620 (this Court may have jurisdiction over reconsideration motion); Engelke, 10 Vet.App. at 399-400 (discussing review of appellant’s motion for reconsideration in terms of new evidence and changed circumstances). Because I believe that, pursuant to Locomotive Engineers, supra, and this Court’s precedential caselaw, our review of the denial of a motion for reconsideration is limited to the situations where an appellant has alleged in that motion either new evidence or changed circumstances, I cannot join in the majority’s holding to the contrary.