KASOLD, Judge,
dissenting:
For the reasons stated below, I believe the decision of the Board denying Mr. Harms’ request to vacate an underlying Board decision is a final decision from which Mr. Harms filed a timely notice of appeal with the Court, properly invoking our exclusive and plenary jurisdiction over such decisions. See 38 U.S.C. § 7252; Russell v. Principi, 3 Vet.App. 310, 315 (1992) (en banc) (Court’s jurisdiction is plenary); Godfrey v. Derwinski 2 Vet.App. 352, 356 (1992) (“This Court has ‘exclusive jurisdiction to review decisions of the Board of Veterans’ Appeals’ .... ” (quoting 38 U.S.C. § 7252(a))); Cerullo v. Derwinski 1 Vet.App. 195, 196-97 (1991) *246 (filing of Notice of Appeal “confers plenary jurisdiction upon an appellate court”). Accordingly, I would exercise our jurisdiction over the appeal and decide it.
Contrary to the majority opinion, I do not believe a final decision on a motion to vacate and a final decision on a motion to reconsider are equivalent with regard to our jurisdiction. A motion to reconsider is submitted to the Board Chairman and the decision to grant or deny the motion is a decision of the Chairman and not of the Board. See 38 U.S.C. § 7103(a); 38 C.F.R. § 20.1001 (2005) (contained in part 20, subpart K, entitled “Reconsideration” and not in subpart J, entitled “Actions of the Board”); see also Mayer v. Brown, 37 F.3d 618, 620 (Fed.Cir.1994) (stating that “[a]n action by the Chairman is not a decision of the [Board”). Accordingly, the Court generally has no jurisdiction to review the denial of a motion to reconsider decided by the Board Chairman. See Mayer, supra; but see Romero v. Brown, 6 Vet.App. 410, 412-14 (1994) (indicating Court may review Chairman’s denial of reconsideration when appellant claims “new evidence or changed circumstances”). In contrast, a motion to vacate is submitted directly to the Board and a decision to grant or deny the motion is a decision of the Board.[1] See 38 C.F.R. § 20.904 (2005) (contained in part 20, subpart J, entitled “Actions of the Board,” in contrast to the regulations governing reconsideration that are contained in subpart K, entitled “Reconsideration”); see also 38 U.S.C. § 7103(c).
Also contrary to the majority opinion, I do not believe Browne v. Principi, 16 Vet.App. 278 (2002), is controlling or even ap *247 posite to whether we have jurisdiction over a Board decision rendered on a motion to vacate. Browne involved an appeal of a Board decision subsequent to the filing of a motion with the Board to vacate its decision and the impact such a motion had on our jurisdiction over an appeal filed while that motion was pending. Id. at 280. The Court correctly found that the motion to vacate filed with the Board had the same effect as a motion for reconsideration in that each motion stayed the finality of the underlying Board decision until the motion was decided. Id. at 282-83. Significantly, Broume did not address or even suggest that the Court lacked jurisdiction over a Board decision on a motion to vacate, and the majority opinion’s reliance on Browne for that proposition is excessive extrapolation, particularly in light of the fact the Court has otherwise already exercised jurisdiction over a Board decision on a motion to vacate. See Taylor v. Principi, 17 Vet.App. 148, 149 (2003), aff'd, 97 Fed.Appx. 330 (Fed.Cir.2004).
Further, the majority opinion misplaces its reliance on I.C.C. v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), for the conclusion that a Board decision on a request to vacate made pursuant to § 20.904 is unreviewable. Locomotive Engineers involved a request for reconsideration that merely “urged the Commission to correct what [the requestor] thought to be a serious error of law.” 482 U.S. at 286, 107 S.Ct. 2360. The applicable regulation provided no substantive criteria for review, and the Supreme Court found nonreviewable the agency decision whether “to go back over ploughed ground.” Id. at 283-84, 107 S.Ct. 2360. In contrast, requests for reconsideration based on new and material evidence or changed circumstances were recognized as reviewable because they do not simply involve going over ploughed ground. See id. at 286, 107 S.Ct. 2360.
This Court has applied Locomotive Engineers consistent with this distinction. Thus, we have held that we have jurisdiction to review the Chairman’s denial of reconsideration when the request for reconsideration is based on “new evidence or changed circumstances.” See Romero, 6 Vet.App. at 412-14 (1994) (citing Locomotive Eng’rs, 482 U.S. at 284, 107 S.Ct. 2360);[2] see also 38 C.F.R. § 20.1000(b) (2005) (reconsideration may be afforded upon “discovery of new and material evidence in the form of relevant records or reports of the service department concerned”). The Court has also held that we have jurisdiction to review a Board decision on a motion for revision of a prior final VA regional office decision on the basis of clear and unmistakable error (CUE) pursuant to 38 C.F.R. § 3.105 (1991).[3] See Russell, 3 Vet.App. at 314-15. The Court noted that, unlike the discretionary nature of the statute regarding reconsideration that was involved in Locomotive Engineers, § 3.105 not only established criteria for review it also required *248 the Secretary to revise a prior decision if it contains CUE. See Russell, 3 Vet.App. at 314-15 (citing Locomotive Eng’rs, 482 U.S. at 278, 107 S.Ct. 2360). Additionally, although it need not be decided to address the matter herein, the Court’s unique status as an Article I court and our exclusive and plenary authority over Board decisions may be another basis for distinguishing Locomotive Engineers, which involved the interpretation of 49 U.S.C. § 10327 and 5 U.S.C. § 701, neither of which involve vet-' eran’s benefits laws and neither of which involve review of administrative decisions by a specialized Article I court. Cf. Russell, 3 Vet.App. at 314-15 (“[M]ore importantly, because this Court’s statutory mandate to review decisions of the [Board] is in no way limited by the nature of the decision made by the Board, the Secretary’s argument [that the Court lacked jurisdiction] is rejected.” (citing 38 U.S.C. § 7252)).
A request to vacate under § 20.904 differs substantially from the request for reconsideration that was involved in Locomotive Engineers because the request to vacate is made pursuant to specific regulation promulgated by the Secretary and does not involve random assertions of error in a previous decision or involve simply going over ploughed ground. See 38 C.F.R. § 20.904. A request to vacate under § 20.904 is limited to two significant grounds identified by the Secretary: Due process or fraud. Moreover, the Secretary has further identified several specific bases for which error is to be conceded. See 38 C.F.R. § 20.904 (citing the right to representation and a hearing as examples of due process error for which error is to be conceded). Thus, unlike the request for reconsideration in Locomotive Engineers, which simply involved a request to reconsider the decision already made and an unfettered agency discretion to grant or deny that request, a request to vacate a Board decision must be based on due process or fraud and is to be considered by the Board in light of specific regulatory direction. Moreover, as previously noted, the Court has reviewed a decision of the Board on a request to vacate. See Taylor, supra.
In suggesting that because the exceptions to finality created by Congress are limited we lack jurisdiction over Board decisions on requests to vacate, the majority opinion fails to recognize that § 20.904 is not just a “commendable” effort by the Secretary to create an additional review for the veteran. This regulation is a legitimate expounding by the Secretary, pursuant to his authority under 38 U.S.C. § 501(a), upon the Board’s specific statutory authority to correct obvious error as provided in 38 U.S.C. § 7103(c).[4] Thus, section 7103(c) is itself a statutory exception to the rule of finality. See Smith v. Brown, 35 F.3d 1516, 1520, 1526 (Fed.Cir.1994) (recognizing vacatur pursuant to section 7103(c) as an exception to finality); DiCarlo v. Nicholson, 20 Vet.App. 52, 56 (2006) (setting forth various recognized exceptions to finality of decisions rendered by Secretary or Board); Hazan v. Gober, 10 Vet.App. 511, 522 (1997).
Section 7103(c) and its expounding regulation, § 20.904, are in addition to the two exceptions cited by the majority — a request to reopen and the revision or reversal of prior decisions based on CUE. See ante at 243-45. Another exception to the rule of finality is reconsideration granted by the Chairman. See 38 U.S.C. § 7103(a); Smith, 35 F.3d at 1520 (recog *249 nizing grant of reconsideration by Board Chairman as an exception to finality); Di-Carlo, supra. Each of these exceptions was either present before this Court was created, or added subsequent thereto, and the Court has exercised jurisdiction over each of them. Congress knows how to limit our jurisdiction and they have done so. For example, we do not have jurisdiction to review the schedule of ratings for disabilities adopted by the Secretary. See 38 U.S.C. § 7252(b). Congress has not limited our jurisdiction with regard to the nature of Board decisions, see Russell, 3 Vet.App. at 314-15, and, although the Board has a certain degree of discretion with regard to a request to vacate under § 20.904, its exercise of that discretion, as discussed below, is guided by the criteria laid out in that regulation, and the Board’s authority may not be exercised in an arbitrary and capricious manner.
Although the Board’s authority under section 7103(c) is stated in terms of “may” and generally is discretionary, and the ultimate decision to vacate a prior Board decision is further stated in terms of “may” in § 20.904, it does not mean the matter is not subject to review. Compare, e.g., Wellman v. Whittier, 259 F.2d 163, 167 (D.C.Cir.1958) (if exercise of discretion rests “upon an erroneous interpretation of law, it may be subject to review by the courts”), Friedsam v. Nicholson, 19 Vet.App. 555, 563 (2006) (“Although this [statutory] provision uses language that can be characterized as discretionary, any action by the Secretary in applying this provision or refusing to apply this provision may be reviewed by the Court to determine whether such action was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.”), and Stringham v. Brown, 8 Vet.App. 445, 448-49 (1995) (finding regulation limited Secretary’s otherwise discretionary authority under statute), with Zimick v. West, 11 Vet.App. 45, 50-51 (1998) (Court lacks jurisdiction to review Secretary’s decision that exists wholly within his discretion), Malone v. Gober, 10 Vet.App. 539, 545 (1997) (holding that statute using the term “may” leaves decision to Secretary’s discretion in the absence of limitations placed on that discretion), and Willis v. Brown, 6 Vet.App. 433, 435 (1994) (“In short, the use of the word ‘may’ makes [certain regulation-authorized action] discretionary.”).
Limitations on the exercise of discretion may be contained in statute or established by regulation, and compliance with such criteria is subject to judicial review. See, e.g., Malone, 10 Vet.App. at 545 (“Even where a matter is left to the discretion of the Secretary by statute, the Secretary would still be bound by any limitations placed upon the exercise of that discretion by regulation, and the Secretary’s compliance with such regulatory criteria is subject to judicial review.” (citing Stringham, 8 Vet.App. at 448-49)). Review in such instances is under the “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” standard set forth in 38 U.S.C. § 7261(a)(3)(A); see also Stringham, 8 Vet.App. at 448-49.
Although § 20.904 uses the discretionary term “may” with regard to the ultimate action to be taken, it directs concession of due process error if an appellant before the Board had (1) been denied the right to representation through action or inaction of the Secretary or the Board, (2) been prejudicially denied a personal hearing, or (3) not been provided with a Statement of the Case or a Supplemental Statement of the Case. Because there are criteria upon which the exercise of authority is to be based, the exercise of that authority can be reviewed. See Wellman, Friedsam, and Stringham, all supra. And, when the exercise of that bounded authority results in a final decision of the *250 Board, it can be reviewed by the Court. See 38 U.S.C. §§ 7252(a), 7261(a); Taylor, 17 Vet.App. at 148-49.
Accordingly, I respectfully dissent from the decision of the Court dismissing the appeal for lack of jurisdiction.

. There is no support in the record for the concern raised in footnote 1 of the majority opinion, ante, as to whether the decision in this case was a Chairman’s decision instead of a Board decision. The Secretary states it was not rendered on behalf of the Chairman and notes that the Chairman has the authority to delegate under 38 C.F.R. § 19.3(a) (2005) (Chairman may assign any "proceeding” to a member of the Board). Moreover, the request is clearly a request to vacate and the decision is clearly a decision on that request, and the request itself was specifically made under 38 C.F.R. § 20.904 (2005). Section 20.904 is part of subpart J, which is entitled "Actions of the Board” and, tellingly, not “actions of the Chairman,” and the Chairman is not permitted to render a decision of the Board as an individual member. See 38 U.S.C. § 7103(b). Absent clear evidence to the contrary, the Chairman is presumed not to have acted in contravention of this prohibition. See Marsh v. Nicholson, 19 Vet.App. 381, 385 (2005) (Court presumes "that public officers perform their duties " ‘correctly, fairly, in good faith, and in accordance with law and governing regulations” ’ ” (quoting Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 795 (Fed.Cir.1993))). Furthermore, although no notice of appellate rights was attached to the decision, this does not mean the decision was not one of the Board; rather, it means the Board erred by not attaching the notice. See Rosier v. Derwinski, 1 Vet.App. 241, 249 (1991) (holding requirement to provide notice of procedure for obtaining review of decisions required under 38 U.S.C. § 5104(a) applies to decisions of the Board as well as the agency of original jurisdiction). Similarly, although the majority opinion correctly notes that a written statement of reasons and bases must be provided with a Board decision, the failure to provide this does not mean a decision is not one of the Board; rather, it means the Board erred when it failed to provide its reasons or bases. See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995) (Board required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record); Gilbert v. Derwinski, 1 Vet.App. 49, 56-57 (1990) (same). Moreover, in this case the Board provided a statement of reasons or bases that explains its decision and facilitates review: the Board stated that Mr. Harms’ motion to vacate "does not demonstrate that the Board's June 2002 decision violated any of the standards [contained within § 20.904] which would merit that it be vacated.” Transmittal of Decision of Board (filed Jan. 21, 2004).

. Although Romero, supra, substantively is consistent with Locomotive Engineers, supra, our direct jurisdiction over a Board Chairman's decision on a request for reconsideration is suspect. See Mayer v. Brown, 37 F.3d at 620 (although Court is authorized to review denials of motions for reconsideration by Board Chairman where it otherwise has jurisdiction, Court's lacks jurisdiction to directly review such decisions).

. After Russell, supra, was decided, Congress enacted 38 U.S.C. §§ 5109A and 7111, which authorize the revision of otherwise final decisions of the Secretary and the Board on the basis of clear and unmistakable error, and Congress further expressly granted jurisdiction in the Court to review the Board’s decisions on such matters. See Pub.L. 105-111, § 1, 111 Stat. 2271 (Nov. 21, 1997).

. The Secretary asserts that both 38 U.S.C. §§7104 and 7103(c) provide the statutory bases for promulgation of 38 C.F.R. § 20.904. See Appellee's Response to Court Order at 3 (filed June 23, 2004).