Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200725-100985
DATE: July 30, 2021

ORDER

The reduction in the evaluation of leukemia from 100 percent to noncompensable, effective September 1, 2020, was proper; the appeal is denied.

FINDINGS OF FACT

1. The discontinuance of the 100 percent evaluation for leukemia is not a formal rating reduction in this case, as the "reduction" was by operation of law in accordance with 38 C.F.R. § 4.117, Diagnostic Code (Code) 7703.

2. Since September 1, 2020, the competent medical evidence shows no recurrence of or treatment for leukemia.

CONCLUSION OF LAW

The reduction of the evaluation for the Veteran's leukemia from 100 percent to noncompensable, effective September 1, 2020, was proper. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.105, 4.117, Diagnostic Code (DC) 7703.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1965 to July 1967. This matter comes before the Board of Veterans' Appeals (Board) from a June 2020 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). In July 2020, the Veteran timely appealed the June 2020 rating decision to the Board of Veterans' Appeals (Board) and selected the evidence submission lane, which allows him 90 days to submit evidence pertinent to his claims. 

The Veteran was originally awarded a 100 percent evaluation for his service-connected leukemia pursuant to DC 7703. From December 3, 2015 to September 1, 2020, a 100 percent evaluation was assigned for the Veteran's leukemia pursuant to DC 7703. Since September 1, 2020, a noncompensable evaluation has been in effect. The Veteran has appealed this reduction.

Under DC 7703 for leukemia, a 100 percent rating is assigned for leukemia with active disease or during a treatment phase. A Note following DC 7703 provides that the 100 percent rating shall continue beyond the cessation of any surgical, radiation, antineoplastic chemotherapy, or other therapeutic procedures. Six months after discontinuance of such treatment, the appropriate disability rating shall be determined by mandatory VA examination. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of 38 C.F.R. § 3.105(e). Leukemia should be rated on its residuals if there has been no local recurrence or metastasis of the disease.

The claim at issue is not a formal reduction under the substantive provisions of 38 C.F.R. § 3.343 and 38 C.F.R. § 3.344 because the provisions of 38 C.F.R. § 4.117, DC 7703 contain a temporal element for continuance of a 100 percent rating for leukemia. Therefore, the AOJ's action was not a rating reduction as that term is commonly understood. See Rossiello v. Principi, 3 Vet. App. 430 (1992).

The Board must only determine if the procedural requirements of 38 C.F.R. § 3.105(e) were met and if the reduction was by operation of law under DC 7703. As discussed further below, the Board finds that the procedural requirements were properly followed in this case and the "reduction" was by operation of law under DC 7703 in this case.

When a rating reduction is considered, and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction must be prepared and mailed to the Veteran's address of record. 38 C.F.R. § 3.105(e). This proposed rating should set forth all of the material facts and reasons for the proposed reduction. The Veteran must be given 60 days to present additional evidence showing that compensation payments should be continued at the present level.

Service connection was granted for leukemia, and an initial 100 percent rating was assigned effective December 3, 2015. In December 2019, the Veteran underwent a VA Hematologic and Lymphatic Conditions, Including Leukemia (Hematologic) disability benefits questionnaire (DBQ). The AOJ proposed a rating reduction in a January 2020 rating decision, which set forth the material facts and reasons for the proposed reduction, including the pertinent rating criteria. Favorable findings shown are the Veteran's leukemia was in remission without any noted residuals. The Veteran was given 60 days to respond and present additional evidence. Thus, the notice requirements for the reduction of the assigned rating for leukemia were satisfied. See 38 C.F.R. § 3.105(e).

In considering the evidence of record under the laws and regulations as set forth above, the Board also concludes there that is no evidentiary basis for continuance of the 100 percent rating for leukemia under DC 7703 after September 1, 2020. See 38 C.F.R. § 4.7.

The December 2019 Hematologic DBQ provides that the Veteran's leukemia was in remission. There were no pertinent physical findings, complications, conditions, signs and/or symptoms related to leukemia. Indeed, laboratory testing revealed no anemia of any kind. 

The medical evidence does not indicate any recurrence of leukemia. There is no evidence that the Veteran underwent treatment since the December 2019 DBQ. Although the Veteran's representative suggests that the Veteran is still receiving treatment for his leukemia, the VA treatment records show that the Veteran's current treatment is routine surveillance. 

In light of the above, the medical evidence indicates that, at the time of the reduction, the Veteran's leukemia was in remission without local reoccurrence or metastasis. The Board finds that the discontinuance of a 100 percent rating for leukemia was proper and restoration of a 100 percent rating is not warranted. See 38 C.F.R. § 4.117, DC 7703; Rossiello, 3 Vet. App. at 430.

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Hemphill

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.