Madelyn WILLIS, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–1239.

United States Court of Veterans Appeals.

May 13, 1994.

Albert Carter, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, David W. Engel, Deputy Asst. Gen. Counsel, and Michael P. Butler, Washington, DC, were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Judges.

MANKIN, Judge:

██ Madelyn Willis (appellant) appeals a June 2, 1992, decision of the Board of Veterans' Appeals (Board) denying conservatorship fees in the amount of $11,935.66. The appellant claims that as the state court-appointed conservator, or fiduciary, she is entitled to the fees for which she has filed. However, the Board held that since the Secretary's subordinate had appointed a fiduciary other than the appellant, she was not entitled to the fees she sought. The Court finds no error and affirms the decision of the Board. Furthermore, to the extent that the appellant argues that she should have been named as the VA fiduciary, we conclude that the issue is beyond our reach since that is a decision of the Secretary and not one for the Board. See 38 U.S.C. § 7252.

## I. Factual Background

The appellant is one of two daughters of the veteran, Moses E. Hillary. The veteran served from January 1943 to June 1944, at which time he was discharged due to psychoneurosis. On March 30, 1984, the veteran was assigned a thirty percent disability rating for anxiety reaction, effective from January 8, 1974. At this time, it was also proposed that the veteran be declared incompetent due to residuals of a stroke. The veteran was determined to be incompetent for VA purposes with an effective date of August 7, 1984.

A field examination was conducted in September 1984, and the field examiner concluded that it would be in the veteran's best interest to have the director of the VA Medical Center (VAMC) at Long Beach, California certified as payee, or fiduciary, for the veteran. The field examiner based his conclusion on his opinion that the appellant would use the veteran's benefits for her own purposes. The VAMC director was consequently designated as the veteran's fiduciary. The appellant was informed of this decision in September 1984.

On July 25, 1985, nearly a year following the VA's appointment of the VAMC director as the veteran's fiduciary, the appellant was appointed conservator of the person and estate of the veteran by the Superior Court of California. In May 1986, the appellant was allowed costs and compensation for the conservatorship by the court. The conservatorship was ordered closed on February 4, 1987. The appellant filed a final accounting with the Superior Court, stating that she was owed $8,134.66 for expenses and compensation, and that the VA had ignored the court's orders to pay her.

In December 1989, the veteran died. The appellant applied to the VA for money due to the estate of the veteran and for burial benefits. The VA informed her that the veteran had left $4,344.48 in his personal funds of patient's (PFOP) account. The appellant filed a statement laying claim to the full amount of that account, as well as to an additional amount of $11,935.66 in expenses and compensation for her duties as fiduciary.

The appellant was informed that accrued amounts due and unpaid to the veteran may be paid to the person bearing the expense of the last illness and burial, but that the appellant was not an eligible dependent and did not bear any expenses of the veteran's last illness since he was hospitalized in a VA facility. The appellant disagreed, stating

that she was owed conservatorship fees, the full amount of the PFOP, and retroactive payment of pension funds withheld from August 1985. The VA informed her that she was entitled to $2,172.24 as her equal share of the PFOP, the other equal share to be distributed to the appellant's sister. The Board affirmed this determination, and the present appeal followed, in which the sole issue on appeal is whether the appellant is entitled to conservatorship fees.

## II. Analysis

The appellant claims the Board erred in denying her claim for $11,935.66 because as the court-appointed conservator she was entitled to that amount as a fee for her services and reimbursement for her expenses. The appellant asserts the Board failed to apply 38 C.F.R. § 13.59(a) (1993), which provides that VA benefits may be paid to the state court-appointed fiduciary of an incompetent. The appellant argues that since she was appointed conservator by the Superior Court of California, she should have also been appointed fiduciary under the VA's regulations.

The Secretary is empowered to assign a fiduciary for the purpose of serving the best interests of the beneficiary. 38 U.S.C. § 5502(a)(1). "Where it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits ... may be made directly to the beneficiary or to a relative or some other person for the use and benefit of the beneficiary...." *Id.* Under the authority of this statute and 38 U.S.C. § 501 (Secretary has authority to promulgate all rules and regulations necessary to carry out laws administered by Department), the Secretary has promulgated regulations to implement the statute. 38 C.F.R. § 13.1 (1993). The regulations empower the Veterans Services Officer (VSO) "to select and appoint ... the person or legal entity best suited to receive ... benefits in a fiduciary capacity for a beneficiary who is mentally ill (incompetent) or under legal disability by reason of ... court action." 38 C.F.R. § 13.55(a) (1993). The regulations list numerous parties or entities who might serve as fiduciaries, among whom are the court-appointed fiduciary of a beneficiary and the chief officer of the institution in which the veteran is receiving care and treatment. 38 C.F.R. § 13.55(b)(5)–(6).

■ Under 38 C.F.R. § 13.59(a), any "benefit *may* be paid to the fiduciary appointed by a State court for a beneficiary who is ... incompetent or under other legal disability...." (Emphasis added.) There is no requirement in the regulation that the VA *must* honor the state court's determination regarding the appointment of a fiduciary. Rather, the use of the word "may" clearly indicates that the selection of the state court-appointed fiduciary is but one of several appropriate persons or entities who might serve in that capacity. In short, the use of the word "may" makes the selection of the state court-appointed fiduciary discretionary.

Similarly, under 38 C.F.R. § 13.61 (1993), the VSO "may authorize the payment of all or part of the ... [benefits] payable ... [to an incompetent veteran] to the chief officer of the institution wherein the veteran is being furnished hospital treatment...." Again, the regulation expressly states that the selection of the chief officer is but one of several acceptable alternatives, and makes no steadfast dictates regarding who shall perform as fiduciary. *See id.* As in the preceding regulation, the operative word in this regulation is "may," clearly indicating the discretionary nature of the selection process. Consequently, this Court holds that there is no merit to the appellant's contention that because she was appointed conservator by a state court, she should have been appointed fiduciary for the veteran under VA regulations.

The appellant's claim raises the concurrent issue of whether particular VA appointments of fiduciaries are reviewable by this Court, or whether the choice of a particular VA fiduciary is a determination vested solely within the discretion of the Secretary. More specifically, the issue is whether this Court has the authority to review VA determinations as to which, among the several alternative fiduciaries, the VA selects as the fiduciary.

■ This Court is empowered to review decisions of the Board. 38 U.S.C. § 7252. However, the Court has no authority to review decisions made by the Secretary which

rest entirely within his discretion, such as the exercise of his equitable powers under 38 U.S.C. § 503, *Darrow v. Derwinski*, 2 Vet. App. 303 (1992), or, as here, the appointment of a fiduciary. The Secretary appointed the VA fiduciary in 1984, well before the veteran's death. When the matter of the fee application arose, the appointment decision by the Secretary was not a matter for redetermination at the Regional Office level or at the Board. It follows, therefore, that this Court has no jurisdiction to review the appointment, as that question was not for Board decision. *See* 38 U.S.C. § 7252.

### III. Conclusion

Having reviewed the appellant's brief, the Secretary's brief, and the record, the June 2, 1992, decision of the Board of Veterans' Appeals is AFFIRMED.