MAYER, Chief Judge.
 

 Michael D. Herndon appeals the judgment of the Court of Appeals for Veterans Claims affirming the Board of Veterans’ Appeals’ denial of regional office jurisdiction to review his October 1984 rating action.
 
 Herndon v. Principi,
 
 No. 98-1745 (Vet.App. Sept. 19, 2001). Because a February 1987 board decision subsumed the October 1984 action, we affirm.
 

 
 *1123
 

 Background,
 

 Herndon served on active duty in the United States Armed Forces from September of 1965 to June of 1967. In June of 1982, he was awarded a combined disability rating of seventy percent, and a rating of total disability based on individual unemployability (“TDIU”) effective August of 1981. After a routine medical examination, on October 16, 1984, the regional office determined that he was able to work, reduced his disability rating to sixty percent, and terminated his TDIU benefits. In November of 1984, he began the appellate process by filing an informal notice of disagreement. He identified the issue for appeal as the reduction of his disability rating.
 
 See
 
 38 C.F.R. § 20.201 (2001) (A notice of disagreement with an agency adjudicative determination requires only a written communication from a claimant indicating his desire to contest the result of a specific issue.). On December 31, 1984, the regional office issued a statement of the case to aid Herndon with his appeal.
 
 See id.
 
 § 19.26 (“When a notice of Disagreement is received ... the agency of original jurisdiction must prepare a Statement of the Case.”);
 
 Maggitt v. West,
 
 202 F.3d 1370, 1375 (Fed.Cir.2000) (“The statement of the case frames the Agency’s view of the case, and is meant to assist the veteran in gaining every benefit that can be supported in law.”). The statement of the case identified the appealable issue with respect to TDIU as entitlement, but not termination. He then filed a substantive appeal with the Board of Veterans’ Appeals.
 
 See id.
 
 § 20.202.
 

 In February of 1987, the board affirmed the regional office’s termination of Herndon’s TDIU.
 
 In re Herndon,
 
 No. 86-29993 (Bd.Vet.App. Feb. 24, 1987). In September of 1990, the regional office reinstated his TDIU benefits. He then filed a claim of clear and unmistakable error with the regional office for the 1984 termination. The regional office responded that Hern-don could not pursue a clear and unmistakable error claim, and that it could not reconsider the October 1984 rating decision because the rating decision had already been considered and decided, and therefore subsumed, by the February 1987 board decision.
 

 On appeal to the board in July of 1998, Herndon argued that the 1987 board decision could not have subsumed the rating action to terminate TDIU because the 1984 statement of the case was statutorily insufficient. He contended therefore that termination was not properly before the board in 1987, and remained pending at the regional office level. The board concluded, however, that the regional office lacked jurisdiction to review the 1984 rating because it had been subsumed in February of 1987.
 
 In re Herndon,
 
 No. C23262407 (Bd.Vet.App. July 16, 1998). Herndon appealed to the Court of Appeals for Veterans Claims, which affirmed the board’s decision in October of 2000. The 2000 judgment was withdrawn due to the Veterans Claims Assistance Act, and the court issued a new decision in September of 2001, again affirming the board’s determination that the regional office properly denied jurisdiction.
 

 Discussion
 

 I.
 

 As a preliminary matter, the government argues that jurisdiction over this case is absent in light of 38 U.S.C. § 7292(d)(2), prohibiting the review of a challenge to regulations as applied to the facts of a particular case. The government contends that the factual determination of whether the termination of Herndon’s TDIU was adjudicated by the board is all that is required here. We disagree.
 
 *1124
 
 This appeal presents an issue of law regarding the relationship between 38 U.S.C. § 7105(d)(1), setting out the requirements for a statement of the case, and 38 U.S.C. § 7104(b) and 38 C.F.R. § 20.1104 read together, to determine when application of the subsuming doctrine is appropriate.
 
 See Brown v. West,
 
 203 F.3d 1378, 1381 (Fed.Cir.2000) (determining that jurisdiction was proper under subsections 7292(a) and (c) to decide whether board decisions subsumed a regional office rating decision because the interaction of 38 U.S.C. § 7104(b) and 38 U.S.C. § 5109A presented an issue of law). Jurisdiction is therefore proper.
 
 See
 
 38 U.S.C. § 7292(a) (2000) (“[A]ny party to the case may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision.”);
 
 id.
 
 § 7292(c) (Jurisdiction will lie “to review and decide any challenge to the validity of a statute or regulation or any interpretation thereof ... to the extent presented and necessary to a decision.”).
 

 We review statutory interpretation by the Court of Appeals for Veterans Claims
 
 de novo. Smith v. Principi,
 
 281 F.3d 1384, 1386 (Fed.Cir.2002). We will uphold the court’s interpretation of regulations unless we find it to be “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” 38 U.S.C. § 7292(d)(1)(A) (2000). Thus we first decide what 38 U.S.C. § 7105(d)(1) requires in a statement of the case. We then consider whether the statement of the case properly put the issue before the board so that 38 U.S.C. § 7104(b) and 38 C.F.R. § 20.1104 may be applied to subsume the regional office adjudication.
 

 II.
 

 Section 7105 requires that a statement of the case include: “(A) A summary of the evidence in the case pertinent to the issue or issues with which disagreement has been expressed. (B) A citation to pertinent laws and regulations and a discussion of how such laws and regulations affect the agency’s decision. (C) The decision on each issue and a summary of the reasons for such decision.”
 
 Id.
 
 § 7105(d)(l)(A)-(C). Herndon’s statement of the case identified the appealable issue with respect to TDIU as only “Entitlement to a total rating for compensation purposes based on individual unemployability,” and did not list termination of TDIU as an issue. The summary of evidence detañed the medical findings leading to the termination of his TDIU. The pertinent laws and regulations section included the regulations defining total disabüity, and explained how the rating is applied.
 
 See
 
 38 C.F.R. §§ 4.15, 4.19, 4.1;
 
 see also
 
 38 U.S.C. § 355. The regulations pertinent to the legal standard for termination were not included. And the reasoning for the decision to terminate his TDIU was summarized as follows: ‘While it is obvious that the veteran’s nervous condition, together with his service-connected physical disabilities, constitutes somewhat of an industrial handicap, it is no longer shown that either singularly or in combination they are so severe as to prevent him from obtaining and engaging in substantiañy gainful employment.”
 

 The information set forth in the statement of the case “must be complete enough to allow the appellant to present written and/or oral arguments” before the board. 38 C.F.R. § 19.29 (2001). Specific items in the statement of the case are to be used by the veteran to assert errors of fact and law committed by the regional office in the veteran’s substantive appeal to the board.
 
 Id.
 
 § 20.202. Herndon argues that his appeal was not properly before the board because the statement of
 
 *1125
 
 the ease did not assist him in preparing for it. He asserts that it was statutorily insufficient because it did not list termination as an issue for appeal, and it lacked citations to 38 C.F.R. §§ 3.105(e) and 3.343, the regulations setting forth the legal standard by which the board would review his termination.
 
 See
 
 38 C.F.R. § 3.105(e) (Termination of TDIU requires the regional office to provide a rating proposing the discontinuance of TDIU, which sets forth all material facts and reasons.);
 
 id.
 
 § 3.343(a) (As the basis for a reduction of benefits, the medical examinations of record must show “material improvement in physical or mental condition.”);
 
 id.
 
 § 3.343(c) (Actual employability to terminate TDIU must be “established by clear and convincing evidence.”).
 

 We believe the statement of the case was statutorily adequate; it was sufficiently broad to cover both the issues of entitlement and termination. Although termination was not specifically listed in the issue section, the statement of the case adequately put Herndon on notice that termination was at issue. The summary of adjudicative actions set out the history by which his TDIU was terminated, and the reasons for decision section explained that Herndon was no longer prevented from engaging in gainful employment by his disabilities. And the board understood that the issues on appeal included termination. Following the mandate that it liberally construe the arguments set forth in a veteran’s appeal,
 
 see
 
 38 C.F.R. § 20.202, it properly raised the issue of termination and applied sections 3.105(e) and 3.343.
 

 III.
 

 When the board disallows a claim for benefits, the claim may not thereafter be reopened or reconsidered by the regional office if no new and material evidence is presented and the claim is based upon the same factual basis. 38 U.S.C. § 5106 (2000);
 
 id.
 
 § 7104(b). When the board affirms the agency’s decision, it is subsumed by the final appellate decision. 38 C.F.R. § 20.1104 (2001).
 

 Herndon argues that the infirmities in the statement of the case prevented the issue of termination from being put into appeal status, and therefore the 1987 board decision could not subsume the regional office’s 1984 termination of TDIU. Consequently the issue of termination never became final and may be reconsidered by the regional office. We are not persuaded.
 

 The board considered and decided both Herndon’s entitlement to and termination of TDIU. It thoroughly evaluated the extensive medical findings of record and determined that Herndon was not entitled to TDIU under 38 C.F.R. § 3.340(a) because his “disabilities are not of such severity as to preclude all forms of substantially gainful employment.”
 
 In re Herndon,
 
 No. 86-2992, slip op. at 8. Consideration of section 3.343(a), concerning improvement of condition, is reflected in its recitation that a recent psychiatric exam did not indicate an obvious industrial impairment.
 
 Id.
 
 And the board applied sections 3.105(e) and 3.343(e) to conclude that the termination was proper because his record contained “clear and convincing evidence that, with respect to his service-connected disabilities alone, he is actually employable.”
 
 Id.
 
 Because Herndon seeks to relitigate the same claim based on the same set of facts, the Veteran’s Court correctly affirmed the board’s decision that the rating decision was subsumed by the board’s 1987 adjudication.
 
 See Dittrich v. West,
 
 163 F.3d 1349, 1352 (Fed.Cir.1998) (a regional office may not “review collaterally an earlier Board decision on the same operative facts”);
 
 Donovan v. West,
 
 158 F.3d 1377, 1381 (Fed.Cir.1998).
 

 Finally, Herndon argues that the board’s 1998 decision, that its 1987 decision
 
 *1126
 
 subsumed the 1984 rating decision, constitutes a denial of due process of law under 38 C.F.R. § 20.904. The failure of the statement of the case to list termination as an issue for appeal and to cite the regulations concerning termination, however, does not rise to the level of a violation of due process contemplated by the regulation.
 
 See
 
 38 C.F.R. § 20.904(a)(2) (2001) (“Examples of circumstances in which denial of due process of law will be conceded are: ... (2) When a Statement of the Case or required Supplemental Statement of the Case was not provided.”).
 

 Conclusion
 

 Accordingly, the judgment of the Court of Appeals for Veterans Claims is affirmed.
 

 AFFIRMED.