PER CURIAM.
Griffin L. Perry (“Perry”) appeals the judgment of the United States Court of Appeals for Veterans Claims (“Veterans Court”), which affirmed the decision of the Board of Veterans Appeals (“board”) that an earlier board decision was not the result of clear and unmistakable error (“CUE”). Perry v. Principi, No. 01-1098, 2003 WL 21006154 (Vet.App. May 2, 2003). We ajfirm-in-part and dismiss-in-part.
We review the judgment of the Veterans Court in accordance with 38 U.S.C. § 7292. See Herndon v. Principi, 311 F.3d 1121, 1124 (Fed.Cir.2002). Perry makes two arguments on appeal. First, he asserts that the 1996 decision of the board, which found that it lacked jurisdiction under 38 U.S.C. § 511 because Perry’s contract claim did not involve veterans benefits, resulted from CUE. Second, he claims that the Veterans Department is bound by a 1988 real estate contract with Perry. With respect to Perry’s first contention, he has failed to allege the existence of new facts or that facts considered by the board were incorrect. 38 U.S.C. § 7111 (2000); see Damrel v. Brown, 6 Vet.App. 242, 245 (1994). And, while Perry does dispute the legal determination that the board lacked jurisdiction under section 511, it is clear, as illustrated by the judgment of the district court, Perry v. Holmes, No. 89-C8687, 1990 WL 133505 (N.D.Ill. Sept.7, 1990), affd, 956 F.2d 272 (7th Cir.1992), that the outcome would have been the same regardless. See Damrel, 6 Vet.App. at 245. Accordingly, the judgment of the Veterans Court, which affirmed the board’s decision that there was no CUE, is affirmed.
With respect to Perry’s second contention, we lack jurisdiction, and must dis *340 miss. Perry’s contract claim is fact dependent and, therefore, outside our authority as prescribed by section 7292. See Herndon, 311 F.3d at 1124. Furthermore, collateral estoppel forecloses us from addressing Perry’s contract claim because the issue has been fully litigated in the district court. See 38 C.F.R. § 20.1400(b) (2003) (limiting the revision of board decisions that have been decided by a court of competent jurisdiction); Dana v. E.S. Originals, Inc., 342 F.3d 1320, 1323 (Fed. Cir.2003).