# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-2038

DAVID J. HARMS, APPELLANT,

v.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals.

(Argued December 6, 2004          Decided   August 8, 2006   )

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Thomas A. McLaughlin*, with whom *Tim S. McLain,* General Counsel; and *R. Randall Campbell*, Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

*Barbara J. Cook*, of Cincinnati, Ohio, with whom *Sandra E. Booth*, of Columbus, Ohio, was on the brief for the National Organization of Veterans' Advocates, Inc., as amicus curiae; and *Barton F. Stichman*, of Washington, D.C., was on the brief for the National Veterans Legal Services Program, as amicus curiae.

Before GREENE, *Chief Judge*, and KASOLD, HAGEL, MOORMAN, LANCE, DAVIS, and SCHOELEN, *Judges.*

HAGEL, *Judge*, filed the opinion of the Court. KASOLD and SCHOELEN, *Judges*, filed dissenting opinions.

HAGEL, *Judge*:  David J. Harms, through counsel, appeals an October 30, 2003, action by Joaquin Aguayo Pereles, a Deputy Vice Chairman of the Board of Veterans' Appeals (Board), that denied Mr. Harms's motion to vacate a June 13, 2002, Board decision in which the Board had denied his claim to reopen a previously and finally disallowed claim for service connection for post-

traumatic stress disorder.[1]  Mr. Harms had filed with the Chairman of the Board that motion to vacate on May 9, 2003, more than 120 days after the date stamped on the June 2002 Board decision. We now hold that, for purposes of determining the timeliness for filing appeals and the exercise of our jurisdiction, there is no difference between a motion to vacate and a motion for Board reconsideration.[2]  To hold otherwise would render meaningless the 120-day statutory period prescribed in 38 U.S.C. § 7266(a) for filing appeals here.  Because Mr. Harms filed his motion to vacate well beyond 120 days after the date stamped on the June 2002 Board decision, we lack jurisdiction to consider this matter and will therefore dismiss the appeal.

---

[1]  Although it is of little consequence in light of our ultimate conclusion in this case, we note that it is unclear whether Deputy Vice Chairman Pereles was acting in his capacity as a Board member rendering a Board decision or as Deputy Vice Chairman acting on the Chairman's behalf.  This lack of clarity arises from a number of facts in this case. First, Mr. Harms addressed his motion to vacate to the Board Chairman, not to the Board.  Second, the October 2003 letter decision denying Mr. Harms's motion to vacate was signed by Joaquin Aguayo Pereles, who identified himself solely by the title of Deputy Vice Chairman.  Although Deputy Vice Chairmen are members of the Board, 38 C.F.R. § 19.2 (2005), Mr. Pereles did not describe himself as a "Member of the Board."  In contrast, the June 13, 2002, Board decision was signed by a single Board Member, John L. Prichard, who described himself as an "Acting Member of the Board."  Third, the decision denying the motion to vacate was in a letter format similar to those in which motions for Board reconsideration are denied.  However, unlike decisions in which motions for Board reconsideration are denied, here the decision denying the motion to vacate did not contain any notation that the decision was based on a delegation of authority to rule on the motion.  For example, decisions by the Chairman denying motions for Board reconsideration can include a reference to 38 C.F.R. § 20.102(b) (2005), which states that the authority exercised by the Chairman of the Board regarding  motions for reconsideration may also be exercised by the Vice Chairman and Deputy Vice Chairman.  *See* 38 C.F.R. § 1001(c) (2005); *see also Gates v. Nicholson*, No. 03-1443, Record at 1331-32 (denial of a motion for Board reconsideration, signed by Deputy Vice  Chairman Joaquin Aguayo Pereles, which noted a delegation of authority under 38 C.F.R. § 20.102(b)).  In addition, the June 13, 2002, Board decision was in the form required for Board decisions pursuant to 38 U.S.C. § 7104(d)(1), which provides that "[e]ach decision of the Board shall include," among other things, "a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record."  38 U.S.C. § 7104(d).  Finally, unlike the June 2002 Board decision, the October 2003 letter decision denying Mr. Harms's motion to vacate does not include a statement of appellate rights, as would be required o accompany notice of a Board decision were that letter decision a Board decision. *See Thompson v. Brown*, 8 Vet. App. 169, 175 (1995).  Because 38 C.F.R. § 20.904 provides for vacatur of a Board decision "by the Board," this lack of clarity regarding the Deputy Vice Chairman's actions is disconcerting.

[2] Although we acknowledge, as the Court did in *Browne v. Principi*, 16 Vet.App. 278 (2002), that there may be factual distinctions that can be drawn between vacatur under § 20.904 and reconsideration under § 20.1000, as explained in this opinion, any such distinctions make no difference on the issues of the timeliness for filing appeals and the exercise of our jurisdiction over decisions denying motions filed under either regulation.

## I. BACKGROUND

On November 25, 2003, Mr. Harms filed with the Court a Notice of Appeal as to a final Board decision "dated **October 30, 2003[,] and June 13, 2002.**"  Thereafter, as is required by Rule 4(c) of the Court's Rules of Practice and Procedure, and in response to a Court order, the Secretary provided the Court a copy of the June 13, 2002, Board decision denying Mr. Harms's claim and a copy of an October 30, 2003, letter from Deputy Vice Chairman of the Board Joaquin Aguayo Pereles denying Mr. Harms's motion to vacate the June 2002 Board decision.

On January 28, 2004, the Court ordered Mr. Harms to show cause why his November 25, 2003, appeal should not be dismissed for lack of jurisdiction.  Mr. Harms replied that, pursuant to 38 C.F.R. § 20.904 (2005), the denial of a motion to vacate is a final Board decision, not a denial of reconsideration by the Board Chairman pursuant to 38 C.F.R. § 20.1000 (2005).  In this regard, he also argues that the Court's decision in *Browne v. Principi,* 16 Vet.App. 278 (2002), does not apply because, although the Court held that "there is no practical distinction . . . between a motion to vacate under 38 C.F.R. § 20.904(a) and a motion for reconsideration under 38 C.F.R. § 20.1000," it did so in the context of determining the timeliness of  a Notice of Appeal and not whether a decision on a motion to vacate is a final Board decision.  Response at 2.  He contends that because that denial was a final decision of the Board, he is entitled to review by this Court pursuant to 38 U.S.C. §§ 7252 and 7266. *Id.* at 4-5.

The Secretary filed a reply in which he argues that a motion to vacate, like a motion for reconsideration, is a postdecisional challenge to a Board decision that does not address the merits of an underlying claim regarding the provision of benefits, and, consequently, that such a decision is not a final Board decision that is appealable to this Court.  He also argues, relying on the U.S. Supreme Court's decision in *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 280 (1987), that the denial of the vacatur motion is not reviewable because it would negate the statutory requirement that a Notice of Appeal be filed with the Court within 120 days of the underlying Board decision. In addition, the Secretary contends that, under *Browne*, the motion to vacate was the equivalent of a motion for reconsideration and that, because the motion to vacate in this case was filed beyond the judicial appeal period, the tolling principles recognized in *Browne* do not apply.

3

On August 4, 2004, the Court invited any interested amicus curiae to file a response addressing whether (1) a decision denying a motion to vacate a Board decision constitutes a final Board decision subject to this Court's jurisdiction and (2) a Deputy Vice Chairman of the Board has the authority to act on a motion to vacate a Board decision. On September 20, 2004, the National Organization of Veterans Advocates, Inc., and the National Veterans Legal Services Program responded as amici curiae in support of Mr. Harms. Oral argument was held on December 6, 2004.

## II. ANALYSIS

### A. Jurisdiction

### 1. Legal Principles

This Court's review is limited to "final decision[s] of the Board of Veterans' Appeals." 38 U.S.C. § 7266(a); *see* 38 U.S.C. § 7252(a); *Bond v. Derwinski*, 2 Vet.App. 376 (1992) (per curiam order). An appeal to this Court is commenced by the filing of a Notice of Appeal, which must be filed within 120 days after the date on which notice of the Board decision was mailed. 38 U.S.C. § 7266(a). In cases where a motion for reconsideration has been filed with the Board, an appeal is timely if the appellant (1) files a motion for Board reconsideration within 120 days after the mailing date of the underlying final Board decision and then (2) files a Notice of Appeal within 120 days after the Board Chairman has mailed notice of the denial of the reconsideration motion. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991).

### 2. A Motion to Vacate is Equivalent to a Motion for Reconsideration for the Purpose of Determining the Timeliness for Filing Appeals and the Exercise of Our Jurisdiction.

The right of an appellant to file with the Board a motion to vacate a Board decision, unlike the right of an appellant to file with the Board a motion for Board reconsideration or a request for revision of a prior decision of the Board based on clear and unmistakable error, is not provided for expressly by statute. *See* 38 U.S.C. § 7103(a) ("The decision of the Board . . . is final unless the Chairman orders reconsideration of the decision. Such an order may be made . . . upon motion of the claimant."); 38 U.S.C. § 7111(d) (providing that "[a] request for revision of decision of the Board based on clear and unmistakable error may be made at any time after that decision is made"). Instead, § 20.904 of title 38, Code of Federal Regulations, which the Secretary asserts was

promulgated pursuant to his authority under 38 U.S.C. § § 7104(a) and 7103(c)[3], provides as follows:

An appellate decision may be vacated by the Board . . . at any time upon request of the appellant or his or her representative, or on the Board's own motion, on the following grounds:

(a) *Denial of due process.* Examples of circumstances in which denial of due process of law will be conceded are:

(1) When the appellant was denied his or her right to representation through action or inaction by [VA] or Board . . . personnel,

(2) When a Statement of the Case or required Supplemental Statement of the Case was not provided, and

(3) When there was a prejudicial failure to afford the appellant a personal hearing. (Where there was a failure to honor a request for a hearing and a hearing is subsequently scheduled, but the appellant fails to appear, the decision will not be vacated.)

(b) *Allowance of benefits based on false or fraudulent evidence.* Where it is determined on reconsideration that an allowance of

---

[3] The regulation itself lists only section 7104(a) as its authorizing statute. In his pleadings before the Court in this case, the Secretary asserts that section 7103(c) provides authority for § 20.904.

Section 7104(a) provides as follows:

All questions in a matter which under section 511(a) of . . . title [38] is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

38 U.S.C. § 7104(a).

Section 7103(c), title 38, U.S. Code, provides that "[t]he Board on its own motion may correct an obvious error in the record, without regard to whether there has been a motion or order for reconsideration."

> benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant, the prior decision will be vacated only with respect to the issue or issues to which, within the judgment of the Board, the false or fraudulent evidence was material.

38 C.F.R. § 20.904.

In *Browne,* we held that "for the purposes of determining the timeliness of a [Notice of Appeal], a motion to vacate is the equivalent of a motion for reconsideration." 16 Vet.App. at 282-83. We reasoned that "although the regulations distinguish between vacatur and reconsideration of Board decisions, they do so only with respect to identifying what constitutes a successful petition for either" and that "as to outcome, a successful request for vacatur would result in nullification of the previous Board decision, as would a successful motion for reconsideration." *Id.* at 282. Although Mr. Harms appears correct in his assertion that the Court in *Browne* did not address whether a decision on a motion to vacate is a final Board decision over which we could ever exercise jurisdiction, we agree with the logic underlying the *Browne* decision and will therefore treat motions for Board vacatur and reconsideration as equivalent for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction.

In addition, we note that the act of granting a motion to vacate on one or more of the grounds listed in § 20.904, like the act of granting a motion for Board reconsideration, nullifies the previous Board decision and does not itself constitute a new Board decision on the merits of the underlying claim.[4] *See Browne*, 16 Vet.App. at 282. Moreover, as we will explain below, there are prudential reasons for so holding

*3*. Rosler *and* Locomotive Engineers

In addition to our conclusion that a decision on a motion to vacate is, for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction, equivalent to a decision on a motion for reconsideration, we note that, as was the case in *Locomotive Engineers*, *supra*, exercising jurisdiction over the denial of a motion to vacate "would serve only the peculiar purpose of extending indefinitely the time within which seriously mistaken agency orders can be

_____

[4] Because the issue is not directly presented in this appeal, we do not address whether we would possess jurisdiction to review such a "new" decision.

6

judicially overturned." *Locomotive Eng'rs*, 482 U.S. at 80. In other words, to exercise our jurisdiction over such decisions would render meaningless the 120-day statutory period for filing appeals with the Court.

In *Locomotive Engineers*, the Supreme Court held that a petition for review of a "final order" of the Interstate Commerce Commission (ICC) denying a petition for reconsideration had to be dismissed for lack of jurisdiction because, although the petition for review was timely filed as to the agency order denying reconsideration, the agency order had decided a petition for reconsideration that was based on an allegation of "material error" in an original, underlying agency order, and that allowing review would nullify the statutory 60-day period for filing a petition for review in the circuit court as to the underlying agency order. *Locomotive Eng'rs*, 482 U.S. at 277-80. In *Rosler*, this Court observed that "the ICC appeal-limitation-period and reconsideration provisions involved in *Locomotive Engineers* are not substantively distinguishable from the comparable title 38 provisions." *Rosler*, 1 Vet.App. at 245. It was on that basis that the Court formulated the two-pronged *Rosler* test for determining the timeliness of a Notice of Appeal in cases where a motion for reconsideration has been filed with the Board–an appeal to the Court is timely if the appellant (1) files a motion for Board reconsideration within 120 days after the mailing date of the underlying final Board decision and then (2) files a Notice of Appeal within 120 days after the Board Chairman has mailed notice of the denial of the reconsideration motion. *See Rosler*, 1 Vet.App. at 249.

Here, Mr. Harms filed his motion to vacate beyond the 120-day statutory period provided for filing an appeal with the Court but timely filed a Notice of Appeal here as to the decision denying vacatur. Thus, he has failed to satisfy the first *Rosler* prong. As a consequence, and because we view motions for Board reconsideration and vacatur as the same for the purpose of determining the timeliness for filing appeals and the exercise of our jurisdiction, we lack jurisdiction over the underlying Board decision and the decision in which his subsequent motion to vacate was denied.

In this case, if the motion to vacate had been filed within the 120-day judicial appeal period following the June 2002 Board decision, the underlying Board decision would be reviewable by this Court for the same reasons that our caselaw provides that where a motion for reconsideration is filed within the 120-day judicial appeal period, the Court has jurisdiction over the underlying Board decision. *See Rosler*, 1 Vet.App. at 249; *cf. Mayer v. Brown*, 37 F.3d 618, 619-20 (Fed. Cir. 1994).

7

In keeping with the foregoing discussion, we see no reason to treat differently the denial of Board reconsideration and the denial of a motion to vacate a Board decision if either motion is filed within the 120-day period.

The Supreme Court's decision in *Locomotive Engineers* was premised in part on "the traditional rule of administrative law that an agency's refusal to reopen a closed case is generally 'committed to agency discretion by law' and therefore exempt from judicial review." *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 455 (1999) (citation omitted). The fact that the Secretary of Veterans Affairs has promulgated a permissively worded regulation that, in addition to reconsideration and clear and unmistakable error, creates an alternative avenue for an appellant to request that the Board take another look at one of its decisions may well be commendable, especially considering the nonadversarial nature of the veterans benefits system.[5] *But see Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (noting that the statutory scheme provides for only two exceptions to the rule of finality–claims to reopen under 38 U.S.C. § 5108 and motions to revise based upon clear and unmistakable error under 38 U.S.C. § § 5109A and 7111(a)). However, we simply cannot permit a VA regulation to have the effect of aggrandizing this Court's jurisdiction beyond its statutorily prescribed boundaries by essentially eliminating the 120-day period for appealing a Board decision to this Court.

Finally, we note that in *Taylor v. Principi*, 17 Vet.App. 148 (2003), this Court, in a short order and without any discussion regarding its jurisdiction to entertain the matter, affirmed a Board decision in which the Board had denied a construed motion to vacate. Although the Court in *Taylor* appears to have **assumed** that it possessed jurisdiction to consider the Board's decision denying the construed motion to vacate, because the Court offered no explanation for that action, we are unfettered by such an assumption and decline to accept it as binding precedent.[6] *See United States*

---

[5] *See* 38 C.F.R. § 20.904(a) ("An appellate decision **may** be vacated by the Board . . . at any time upon request of the appellant . . . or on the Board's own motion . . . ." 38 C.F.R. § 20.904(a) (emphasis added)); *see also Lopez v. Davis*, 531 U.S. 230, 241 (2001) (noting, in the context of statutory construction, that the word "may" is permissive).

[6] We also note that the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), in *Herndon v. Principi*, 311 F.3d 1121 (Fed. Cir. 2002), rejected an argument raised by the appellant for vacatur under 38 C.F.R. § 20.904. It is not clear in that case whether a motion to vacate was ever filed with the Board or, if so, when such a motion was filed and decided by the Board. In any event, what is clear is that the jurisdictional issue discussed in this case was not addressed by the Federal Circuit in *Herndon*.

*v. L. A. Tucker Truck Lines*, *Inc.*, 344 U.S. 33, 38 (1952) (holding that an issue not "raised in briefs or argument nor discussed in the opinion of the Court" cannot be taken as "a binding precedent on this point"); *Webster v. Fall*, 266 U.S. 507, 511 (1925) (stating that "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not considered as having been so decided as to constitute precedents"); *see also Edelman v. Jordan*, 415 U.S. 651, 671 (1974) (noting that a summary affirmance lacks "the same precedential value as . . . an opinion of th[e] Court treating the question on the merits"). Much on point is the following statement by the Supreme Court: "Even as to our own judicial power or jurisdiction, this Court has followed the lead of Chief Justice Marshall who held that this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed *sub silentio*." *L.A. Tucker Truck Lines*, *Inc.*, 344 U.S. at 38.[7]

### III. CONCLUSION

On consideration of the foregoing, the appeal is DISMISSED.


KASOLD, *Judge*, dissenting: For the reasons stated below, I believe the decision of the Board denying Mr. Harms' request to vacate an underlying Board decision is a final decision from which Mr. Harms filed a timely notice of appeal with the Court, properly invoking our exclusive and plenary jurisdiction over such decisions. *See* 38 U.S.C. § 7252; *Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc) (Court's jurisdiction is plenary); *Godfrey v. Derwinski*, 2 Vet.App. 352, 356 (1992) ("This Court has 'exclusive jurisdiction to review decisions of the Board of Veterans' Appeals' . . . ." (quoting 38 U.S.C. § 7252(a))); *Cerullo v. Derwinski*, 1 Vet.App. 195, 196-97 (1991) (filing of Notice of Appeal "confers plenary jurisdiction upon an appellate court"). Accordingly, I would exercise our jurisdiction over the appeal and decide it.

Contrary to the majority opinion, I do not believe a final decision on a motion to vacate and a final decision on a motion to reconsider are equivalent with regard to our jurisdiction. A motion to reconsider is submitted to the Board Chairman and the decision to grant or deny the motion is a

---

[7] Moreover, because this case is before the full Court, we would not be bound by the decision in *Taylor v. Principi*, 17 Vet.App. 148 (2003), even if the Court had ruled on the jurisdictional issue in that case.

decision of the Chairman and not of the Board. *See* 38 U.S.C. § 7103 (a); 38 C.F.R. § 20.1001 (2005) (contained in part 20, subpart K, entitled "Reconsideration" and not in subpart J, entitled "Actions of the Board"); *see also Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994) (stating that "[a]n action by the Chairman is not a decision of the [B]oard"). Accordingly, the Court generally has no jurisdiction to review the denial of a motion to reconsider decided by the Board Chairman. *See Mayer*, *supra*; *but see Romero v. Brown*, 6 Vet.App. 410, 412-15 (1994) (indicating Court may review Chairman's denial of reconsideration when appellant claims "new evidence or changed circumstances"). In contrast, a motion to vacate is submitted directly to the Board and a decision to grant or deny the motion is a decision of the Board.[1] *See* 38. C.F.R. § 20.904 (2005) (contained in part 20, subpart J, entitled "Actions of the Board," in contrast to the regulations governing reconsideration that are contained in subpart K, entitled "Reconsideration"); *see also* 38 U.S.C. § 7103(c).

Also contrary to the majority opinion, I do not believe *Browne v. Principi*, 16 Vet.App. 278 (2002), is controlling or even apposite to whether we have jurisdiction over a Board decision rendered on a motion to vacate. *Browne* involved an appeal of a Board decision subsequent to the

---

[1] There is no support in the record for the concern raised in footnote 1 of the majority opinion, *ante*, as to whether the decision in this case was a Chairman's decision instead of a Board decision. The Secretary states it was not rendered on behalf of the Chairman and notes that the Chairman has the authority to delegate under 38 C.F.R. § 19.3(a) (2005) (Chairman may assign any "proceeding" to a member of the Board). Moreover, the request is clearly a request to vacate and the decision is clearly a decision on that request, and the request itself was specifically made under 38 C.F.R. § 20.904 (2005). Section 20.904 is part of subpart J, which is entitled "Actions of the Board" and, tellingly, not "actions of the Chairman," and the Chairman is not permitted to render a decision of the Board as an individual member. *See* 38 U.S.C. § 7103(b). Absent clear evidence to the contrary, the Chairman is presumed not to have acted in contravention of this prohibition. *See Marsh v. Nicholson*, 19 Vet.App. 381, 385 (2005) (Court presumes "that public officers perform their duties "'correctly, fairly, in good faith, and in accordance with law and governing regulations'"" (quoting *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993))). Furthermore, although no notice of appellate rights was attached to the decision, this does not mean the decision was not one of the Board; rather, it means the Board erred by not attaching the notice. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) (holding requirement to provide notice of procedure for obtaining review of decisions required under 38 U.S.C. § 5104(a) applies to decisions of the Board as well as the agency of original jurisdiction). Similarly, although the majority opinion correctly notes that a written statement of reasons and bases must be provided with a Board decision, the failure to provide this does not mean a decision is not one of the Board; rather, it means the Board erred when it failed to provide its reasons or bases. See 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (Board required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990) (same). Moreover, in this case the Board provided a statement of reasons or bases that explains its decision and facilitates review: the Board stated that Mr. Harms' motion to vacate "does not demonstrate that the Board's June 2002 decision violated any of the standards [contained within § 20.904] which would merit that it be vacated." Transmittal of Decision of Board (filed Jan. 21, 2004).

filing of a motion with the Board to vacate its decision and the impact such a motion had on our jurisdiction over an appeal filed while that motion was pending. *Id*. at 280. The Court correctly found that the motion to vacate filed with the Board had the same effect as a motion for reconsideration in that each motion stayed the finality of the underlying Board decision until the motion was decided. *Id*. at 282-83. Significantly, *Browne* did not address or even suggest that the Court lacked jurisdiction over a Board decision on a motion to vacate, and the majority opinion's reliance on *Browne* for that proposition is excessive extrapolation, particularly in light of the fact the Court has otherwise already exercised jurisdiction over a Board decision on a motion to vacate. *See Taylor v. Principi*, 17 Vet.App. 148, 149 (2003), *aff'd*, 97 Fed. Appx. 330 (Fed. Cir. 2004).

Further, the majority opinion misplaces its reliance on *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270 (1987), for the conclusion that a Board decision on a request to vacate made pursuant to § 20.904 is unreviewable. *Locomotive Engineers* involved a request for reconsideration that merely "urged the Commission to correct what [the requestor] thought to be a serious error of law." 482 U.S. at 286. The applicable regulation provided no substantive criteria for review, and the Supreme Court found nonreviewable the agency decision whether "to go back over ploughed ground." *Id*. at 283-84. In contrast, requests for reconsideration based on new and material evidence or changed circumstances were recognized as reviewable because they do not simply involve going over ploughed ground. *See id*. at 286.

This Court has applied *Locomotive Engineers* consistent with this distinction. Thus, we have held that we have jurisdiction to review the Chairman's denial of reconsideration when the request for reconsideration is based on "new evidence or changed circumstances." *See Romero*, 6 Vet.App. at 412-15 (1994) (citing *Locomotive Eng'rs*, 482 U.S. at 284);[2] *see also* 38 C.F.R. § 20.1000(b) (2005) (reconsideration may be afforded upon "discovery of new and material evidence in the form of relevant records or reports of the service department concerned"). The Court has also held that we have jurisdiction to review a Board decision on a motion for revision of a prior final VA regional office decision on the basis of clear and unmistakable error (CUE) pursuant to 38 C.F.R. § 3.105

---

[2] Although *Romero*, *supra*, substantively is consistent with *Locomotive Engineers*, *supra*, our direct jurisdiction over a Board Chairman's decision on a request for reconsideration is suspect. *See Mayer v. Brown*, 37 F.3d at 620 (although Court is authorized to review denials of motions for reconsideration by Board Chairman where it otherwise has jurisdiction, Court's lacks jurisdiction to directly review such decisions).

11

(1991).[3]  *See Russell*, 3 Vet.App. at 314-15.  The Court noted that, unlike the discretionary nature of the statute regarding reconsideration that was involved in *Locomotive Engineers*, § 3.105 not only established criteria for review it also required the Secretary to revise a prior decision if it contains CUE.  *See Russell*, 3 Vet.App. at 314-15 (citing *Locomotive Eng'rs*, 482 U.S. at 278).  Additionally, although it need not be decided to address the matter herein, the Court's unique status as an Article I court and our exclusive and plenary authority over Board decisions may be another basis for distinguishing *Locomotive Engineers*, which involved the interpretation of 49 U.S.C. § 10327 and 5 U.S.C. § 701, neither of which involve veteran's benefits laws and neither of which involve review of administrative decisions by a specialized Article I court.  *Cf. Russell*, 3 Vet.App. at 314-15 ("[M]ore importantly, because this Court's statutory mandate to review decisions of the [Board] is in no way limited by the nature of the decision made by the Board, the Secretary's argument [that the Court lacked jurisdiction] is rejected." (citing 38 U.S.C. § 7252)).

A request to vacate under § 20.904 differs substantially from the request for reconsideration that was involved in *Locomotive Engineers* because the request to vacate is made pursuant to specific regulation promulgated by the Secretary and does not involve random assertions of error in a previous decision or involve simply going over ploughed ground.  *See* 38 C.F.R. § 20.904.  A request to vacate under § 20.904 is limited to two significant grounds identified by the Secretary: Due process or fraud.  Moreover, the Secretary has further identified several specific bases for which error is to be conceded.  *See* 38 C.F.R. § 20.904 (citing the right to representation and a hearing as examples of due process error for which error is to be conceded).  Thus, unlike the request for reconsideration in *Locomotive Engineers*, which simply involved a request to reconsider the decision already made and an unfettered agency discretion to grant or deny that request, a request to vacate a Board decision must be based on due process or fraud and is to be considered by the Board in light of specific regulatory direction.  Moreover, as previously noted, the Court has reviewed a decision of the Board on a request to vacate.  *See Taylor*, *supra*.

---

[3]  After *Russell*, *supra*, was decided, Congress enacted 38 U.S.C. §§ 5109A and 7111, which authorize the revision of otherwise final decisions of the Secretary and the Board on the basis of clear and unmistakable error, and Congress further expressly granted jurisdiction in the Court to review the Board's decisions on such matters.  *See* Pub. L. 105-111, § 1, 111 Stat. 2271 (Nov. 21, 1997).

In suggesting that because the exceptions to finality created by Congress are limited we lack jurisdiction over Board decisions on requests to vacate, the majority opinion fails to recognize that § 20.904 is not just a "commendable" effort by the Secretary to create an additional review for the veteran. This regulation is a legitimate expounding by the Secretary, pursuant to his authority under 38 U.S.C. § 501(a), upon the Board's specific statutory authority to correct obvious error as provided in 38 U.S.C. § 7103(c).[4] Thus, section 7103(c) is itself a statutory exception to the rule of finality. *See Smith v. Brown*, 35 F.3d 1516, 1520, 1526 (Fed. Cir.1994) (recognizing vacatur pursuant to section 7103(c) as an exception to finality); *DiCarlo v. Nicholson*, 20 Vet.App. 52, 56 (2006) (setting forth various recognized exceptions to finality of decisions rendered by Secretary or Board); *Hazan v. Gober*, 10 Vet.App. 511, 522 (1997).

Section 7103(c) and its expounding regulation, § 20.904, are in addition to the two exceptions cited by the majority – a request to reopen and the revision or reversal of prior decisions based on CUE. *See ante* at 7-8. Another exception to the rule of finality is reconsideration granted by the Chairman. *See* 38 U.S.C. § 7103(a); *Smith*, 35 F.3d at 1520 (recognizing grant of reconsideration by Board Chairman as an exception to finality); *DiCarlo*, *supra*. Each of these exceptions was either present before this Court was created, or added subsequent thereto, and the Court has exercised jurisdiction over each of them. Congress knows how to limit our jurisdiction and they have done so. For example, we do not have jurisdiction to review the schedule of ratings for disabilities adopted by the Secretary. *See* 38 U.S.C. § 7252(b). Congress has not limited our jurisdiction with regard to the nature of Board decisions, *see Russell*, 3 Vet.App. at 314-15, and, although the Board has a certain degree of discretion with regard to a request to vacate under § 20.904, its exercise of that discretion, as discussed below, is guided by the criteria laid out in that regulation, and the Board's authority may not be exercised in an arbitrary and capricious manner.

Although the Board's authority under section 7103(c) is stated in terms of "may" and generally is discretionary, and the ultimate decision to vacate a prior Board decision is further stated in terms of "may" in § 20.904, it does not mean the matter is not subject to review. *Compare*, *e.g.*, *Wellman v. Whittier*, 259 F.2d 163, 167 (D.C. Cir. 1958) (if exercise of discretion rests "upon an

---

[4] The Secretary asserts that both 38 U.S.C. §§ 7104 and 7103(c) provide the statutory bases for promulgation of 38 C.F.R. § 20.904. *See* Appellee's Response to Court Order at 3 (filed June 23, 2004).

13

erroneous interpretation of law, it may be subject to review by the courts"), *Friedsam v. Nicholson*, 19 Vet.App. 555, 563 (2006) ("Although this [statutory] provision uses language that can be characterized as discretionary, any action by the Secretary in applying this provision or refusing to apply this provision may be reviewed by the Court to determine whether such action was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law."), *and Stringham v. Brown*, 8 Vet.App. 445, 448-49 (1995) (finding regulation limited Secretary's otherwise discretionary authority under statute), *with Zimick v. West*, 11 Vet.App. 45, 50-51 (1998) (Court lacks jurisdiction to review Secretary's decision that exists wholly within his discretion), *Malone v. Gober*, 10 Vet.App. 539, 545 (1997) (holding that statute using the term "may" leaves decision to Secretary's discretion in the absence of limitations placed on that discretion), *and Willis v. Brown*, 6 Vet.App. 433, 435 (1994) ("In short, the use of the word 'may' makes [certain regulation-authorized action] discretionary.").

Limitations on the exercise of discretion may be contained in statute or established by regulation, and compliance with such criteria is subject to judicial review. *See*, *e.g.*, *Malone*, 10 Vet.App. at 545 ("Even where a matter is left to the discretion of the Secretary by statute, the Secretary would still be bound by any limitations placed upon the exercise of that discretion by regulation, and the Secretary's compliance with such regulatory criteria is subject to judicial review." (citing *Stringham*, 8 Vet.App. at 448-49)). Review in such instances is under the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard set forth in 38 U.S.C. § 7261(a)(3)(A); *see also Stringham*, 8 Vet.App. at 448-49.

Although § 20.904 uses the discretionary term "may" with regard to the ultimate action to be taken, it directs concession of due process error if an appellant before the Board had (1) been denied the right to representation through action or inaction of the Secretary or the Board, (2) been prejudicially denied a personal hearing, or (3) not been provided with a Statement of the Case or a Supplemental Statement of the Case. Because there are criteria upon which the exercise of authority is to be based, the exercise of that authority can be reviewed. *See Wellman*, *Friedsam*, and *Stringham*, all *supra*. And, when the exercise of that bounded authority results in a final decision of the Board, it can be reviewed by the Court. *See* 38 U.S.C. §§ 7252(a), 7261(a); *Taylor*, 17 Vet.App. at 148-49.

14

Accordingly, I respectfully dissent from the decision of the Court dismissing the appeal for lack of jurisdiction.

SCHOELEN, *Judge*, dissenting: As a preliminary matter, it is clear that the appeal of the underlying June 13, 2002, Board decision is untimely. The decision in *Browne v. Principi*, 16 Vet.App. 279 (2002), is a logical extension of the longstanding tolling principle articulated in *Rosler v. Derwinski*, 1 Vet.App. 241 (1991). Because the motion to vacate in this case was filed more than 120 days after the date of mailing of the underlying Board decision, the appeal of the underlying Board decision is untimely and must be dismissed. However, for the reasons stated below, I disagree with the holding that the Court lacks jurisdiction over Board decisions on motions to vacate.

The Court finds that "it is of little consequence . . . whether Deputy Vice Chairman Pereles was acting in his capacity as a Board member rendering a Board decision or . . . acting on the Chairman's behalf." *Ante* at 2 n.1. To the contrary, it is critically important to decide whether the decision on Mr. Harms's motion to vacate is a decision by the Board or a decision by the Chairman through his designee. In *Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994), the Federal Circuit held that "[a]n action by the Chairman is *not* a decision of the [B]oard." Because 38 U.S.C. § 7252(a) grants the Court jurisdiction only over "decisions of the Board," the Federal Circuit held that this Court lacks jurisdiction over a decision by the Chairman or his designee denying a motion for reconsideration. *Id.* at 619; *compare* 38 U.S.C. § 7103(a), (b) (granting authority to the Board *Chairman* to act on motions for reconsideration) *with* 38 U.S.C. §§ 7103(c) (stating that the *Board* may correct an obvious error in the record), 7102(a) (stating that a *member or panel of the Board* shall make a determination on any proceeding, "including any motion filed in connection therewith"), *and* 38 C.F.R. § 20.904 (2005) (stating that the *Board* may vacate a prior Board decision).

In this case, I am satisfied with the parties' assertions that Deputy Vice Chairman Pereles rendered a decision on Mr. Harms's motion to vacate in his capacity as a Board member and not as a designee of the Chairman. As provided by § 20.904, only the Board may act on a motion to vacate. Absent clear evidence to the contrary, the Board and the Chairman are presumed not to have acted

15

in contravention of this regulation. *See Marsh v. Nicholson*, 19 Vet.App. 381, 385 (2005) (stating that there is a presumption "that public officers perform their duties '"correctly, fairly, in good faith, and in accordance with law and governing regulations"'" (quoting *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993))); *Ashley v. Derwinski*, 2 Vet.App. 62, 65 (1992) (holding that the presumption of regularity applies to official acts of public officers absent clear evidence to the contrary). The mere fact that Deputy Vice Chairman Pereles signed the decision on the motion to vacate as a "Deputy Vice Chairman" rather than as a "Veterans Law Judge" does not constitute the type of clear evidence necessary to overcome the presumption of regularity. Because there is no clear evidence in this case that Deputy Vice Chairman Pereles was acting as a designee of the Chairman, such as an explicit statement that he was delegated authority to rule on the motion pursuant to 38 C.F.R. § 20.102(b) (2003), I would hold that the decision on Mr. Harms's motion to vacate was a decision of the Board.

The Court's jurisdiction over the Board's denial of Mr. Harms's motion to vacate is not precluded because the motion to vacate was filed more than 120 days after the Board issued its decision on the merits of his claim. Although the Federal Circuit held in *Mayer*, *supra*, that the Court did not have jurisdiction over a motion for reconsideration filed outside the 120-day judicial appeal period, I believe that *Mayer* is inapposite to this case. In holding that the Court lacked jurisdiction over the Board Chairman's decision on a motion for reconsideration, the *Mayer* Court referred to the Court's jurisdictional statute, which grants jurisdiction to review "decisions of the Board." 37 F.3d at 619; *see* 38 U.S.C. § 7252(a). In holding that the Court did not have jurisdiction over a motion for reconsideration filed after the expiration of the 120-day judicial-appeal period, the *Mayer* Court was considering whether this Court has jurisdiction over a decision by the Chairman and *not* a decision by the Board. As noted above, section 7252(a) only grants jurisdiction to the Court over Board decisions and not over decisions by the Chairman. Thus, I do not read *Mayer* to preclude our exercise of jurisdiction of a Board decision denying a motion to vacate solely because the motion to vacate was filed more than 120 days after the Board issued the underlying decision. Because Congress has granted the Court jurisdiction over "decisions of the Board" and the denial of the motion to vacate was a decision by the Board, so long as the appeal of the denial of the motion

16

to vacate is filed within 120 days after notice of the decision is mailed to the appellant, the Court has jurisdiction to review the Board's decision on the motion.

Although I believe the Court generally has jurisdiction over final decisions on a motion to vacate, principles of finality limit the scope of the Court's review. In this regard, we are bound by the Supreme Court's conclusion in *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284 (1987), that "the agency's refusal to go back over ploughed ground is nonreviewable." This broad conclusion would generally preclude review of the Board's denial of a motion to vacate, even if the motion to vacate was filed within 120 days of the underlying Board decision. *Id.* However, in *Locomotive Engineers*, the Supreme Court held that there were certain instances where such a collateral attack on a prior decision does not amount to going back over ploughed ground. Specifically, the Supreme Court found that "[i]f the petition [(or in this case, the motion to vacate)] that was denied sought reopening on the basis of new evidence or changed circumstances review is available and abuse of discretion is the standard." *Id.* at 284.

Whether, in his motion to vacate, Mr. Harms has alleged anything that would constitute "new evidence" or "changed circumstances" that would allow that Court to review the Board's denial of his motion to vacate is not a question that I would decide without the assistance of briefing from the parties. *Id.* at 278. However, a discovery of a due process error or the discovery that a decision was based on false or fraudulent evidence appears, on its face, to be either "new evidence" or "changed circumstances" permitting the Court to exercise jurisdiction over a motion to vacate a Board decision, regardless of whether the motion to vacate was filed within 120 days after the Board issued the underlying decision. *See Locomotive Eng'rs*, *supra*; 38 C.F.R. § 20.904(a), (b).

Finally, I disagree with the Court's implication that the Board's denial of a motion to vacate is somehow unreviewable because § 20.904(a) is permissively worded. Nothing limits the nature of the Board decision that the Court may review. *See* 38 U.S.C. § 7252, 7266; *Russell v. Principi*, 3 Vet.App. 310, 314-15 (1992) (en banc); *cf.* 5 U.S.C. § 701(a)(2) (precluding judicial review under the Administrative Procedure Act of actions when "agency action is committed to agency discretion by law").

The Court would review the Board's denial of a motion to vacate for abuse of discretion. *See* 38 U.S.C. § 7261(a)(3)(A) (stating that the Court "shall . . . hold unlawful and set aside" Board

17

decisions found to be "arbitrary, capricious, *an abuse of discretion*, or otherwise not in accordance with law" (emphasis added)). In the event the Board abuses its discretion, the Court is obligated to "hold unlawful and set aside" such a decision. *Id.*; *see also Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 710 (2005) ("Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike."). Furthermore, I believe that it would generally be an abuse of discretion for the Board to deny a motion to vacate in cases where the Secretary has already conceded due process error. *See* 38 C.F.R. § 20.904(a); *see also Locomotive Eng'rs*, 482 U.S. at 278 (stating that the *lawfulness* of a refusal to reopen a prior decision is reviewable and that a standard other than "arbitrary, capricious, or abuse of discretion" would be appropriate in cases where the law requires reopening).

Accordingly, I respectfully dissent from the Court's dismissal of the appeal of the Board's October 30, 2003, decision denying the motion to vacate.